Nov. Term,
1851.

TRULLINGER
v.
WEBB.

---

## TRULLINGER v. WEBB.

The circumstance that a juror is related to one of the parties by marriage with his niece, is a sufficient cause of challenge by the adverse party.

A party may object to the examination of a juror without oath, as to his competency; but if he permits the question to be put to the juror, and answered by him, without requiring him to be sworn, he waives the objection.

Parol evidence is not admissible to prove a contemporaneous understanding and agreement contrary to the terms of a deed between the parties.

*Thursday,*
*December 4.*

ERROR to the *Fountain* Circuit Court.

BLACKFORD, J.—This was an action of trespass *quare clausum fregit*, brought by *Webb* against *Trullinger*. The *gravamen* is, that the defendant, with force and arms, broke and entered two certain coal-banks or veins of coal of the plaintiff, situate on the east half of the north-west

quarter of section thirty-one, township nineteen north, range eight west, in *Fountain* county, *Indiana*, and dug out, &c.

The defendant pleaded not guilty. Verdict and judgment for the plaintiff.

The first error assigned is, that the Court improperly overruled a challenge to one of the jurors.

The bill of exceptions, on that subject, is as follows: The defendant challenged *Jacob Kinney*, one of the jurors, for the following cause, to-wit, that said juror, on being interrogated by the defendant, without being sworn to answer questions, disclosed the fact that he was related to the plaintiff in the following degree—by marriage with the plaintiff's niece; and the said juror, after being sworn to try said cause, repeated that said relationship existed, without being sworn to that fact; whereupon the defendant moved the Court to discharge said juror, which motion was overruled, and the juror permitted to be sworn in chief, and serve on the jury, in said cause. To the overruling of which motion the defendant excepts.

We have no doubt but that the cause of challenge was sufficient. Lord *Coke's* language, on the subject, is as follows: Affinity or alliance by marriage is a principal challenge, and equivalent to consanguinity, when it is between either of the parties, as if the plaintiff or defendant marry the daughter or cousin of the juror, or the juror marry the daughter or cousin of the plaintiff or defendant, and the same continues, or issue be had. Coke Litt. 157.

The plaintiff contends that the juror, when questioned as to the cause of the challenge, should have been sworn. There is no doubt but that the plaintiff might have objected to the examination of the juror without oath; but the plaintiff, by permitting the questions to be put to the juror, and answered by him, without requiring him to be sworn, waived the objection. The Circuit Court, instead of permitting the juror to be sworn on the jury, should have sustained the challenge.

The second error assigned relates to the rejection of certain parol evidence offered by the defendant.

Nov. Term,
1851.

TRULLINGER
v.
WEBB.

On the trial, the plaintiff gave in evidence a conveyance for the tract of land hereinbefore described, executed by him and his wife to the defendant. In that conveyance, there is the following reservation: "Reserving, however, to ourselves, our heirs, and assigns forever, the exclusive privilege and power of excavating the earth and removing the stone-coal from two coal-banks, situate on a certain branch or creek running through the said lot of land; the said coal-banks situated, one on the west side and one on the east side of said branch or creek; and also reserving sufficient ground for a road on the east line of said lot to a place opposite said coal-banks; thence the nearest and best way to said coal-banks to remove said coal on."

Whereupon the defendant offered to prove that, at the time of said conveyance and reservation, it was the understanding and agreement of the parties to said deed, that the coal for which this suit is brought was to be the coal of the defendant; also that a coal-bank, at the time of the execution of said deed, was understood to be a visible bank of coal, and not the entire vein of coal, all of which, except the four visible coal-banks, the Court refused to permit the defendant to prove to the jury. To the refusal of the Court to permit the defendant to make said proof, the defendant excepts.

We think the Court did right in excluding this parol evidence. The understanding and agreement of the parties, relative to the reservation, must be ascertained by the face of the conveyance itself. Evidence of the circumstances surrounding the parties when the conveyance, with the reservation, was executed, was admissible, in order to enable the Court to give a proper construction to the face of the conveyance. But that is a different matter. It is not shown that there is any latent ambiguity in the conveyance.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. H. Mallory*, for the plaintiff.

*H. S. Lane* and *S. C. Willson*, for the defendant.