DEARMOND and Others *v.* DEARMOND.

*It seems* that the husband of a sister of a decedent leaving issue, is not a competent juror in a suit brought by the widow.

In a suit to cancel a deed and for the recovery of real estate and damages for detaining it, one of the defendants, before the commencement of the trial, made oath that he had released his interest to his co-defendants, filing a quit claim deed as evidence of the fact, and moved that his name be stricken from the list of defendants. The Court overruled the motion. *Held*, that this was not error.

On the trial, his co-defendants, upon the same ground, offered him as a witness, but the Court excluded him. *Held*, that this was not error.

It was alleged in the complaint in this case, that the deed sought to be canceled was secretly made by the husband previous to his marriage with the plaintiff; and it was claimed that its execution was a fraud upon her marital rights. The defendants offered a witness to prove that a short time after the date of the deed the plaintiff was receiving witnesses' addresses as a suitor, and was under a promise of marriage with him. The Court refused the testimony as irrelevant. *Held*, that this was error.

The principle of the common law, by which the husband was entitled to receive the property of the wife to aid him in paying her debts contracted before coverture and in supporting her during its existence, does not apply in a case by the wife against the husband.

Generally, the owner of property has a right to dispose of it to whom he pleases; but the right must be exercised without fraud.

Thus, if a man or woman represent to the other, as an inducement to marriage, that he or she is the owner of certain property, and the marriage, in part upon such consideration, should be consummated, a secret voluntary conveyance of such property before the marriage, by one of the parties, would, *it seems,* be a fraud upon the other.

But evidence that the property was conveyed before the parties contemplated marriage, would tend to repel the inference of fraud.

What constitutes the delivery of a deed is much a question for the jury in each case. A deed may be delivered by words without actions; or by actions without words; or without being actually handed over. Once delivered, its detention by the grantor subsequently, does not divest the title of the grantee. But *it seems*, that, to be delivered, the deed must pass under the power of the grantee, or some person for his use, with the consent of the grantor.

APPEAL from the *Fayette* Circuit Court.

PERKINS, J.—Complaint to obtain the cencellation of a deed, and to recover real estate.

The complaint states that the plaintiff, Matilda ˙Dearmond, was, on the 18th of *November*, 1852, the widow of a former husband, then deceased, and the mother of then living children, begotten by said deceased husband; that

May Term, 1858.

DEARMOND v. DEARMOND.

| 10 | 191 |
|----|-----|
| 126 | 66 |
| 10 | 191 |
| 134 | 358 |
| 10 | 191 |
| 140 | 189 |
| 10 | 191 |
| 150 | 67 |
| 10 | 191 |
| 159 | 410 |
| 10 | 191 |
| 16? | 164 |

Thursday, May 27.

May Term.
1858.

DEARMOND
v.
DEARMOND.

*William L. Dearmond* was then a widower, the father of living children begotten upon the body of a former wife, then deceased; that on said day, the said *Matilda* and the said *William L.* intermarried; that they lived together, as husband and wife, till the 18th *December*, 1853, when said *William L.* suddenly died, leaving the said *Matilda* pregnant with a child which was afterwards born alive, and named *William R. L. Dearmond;* that before the intermarriage of the said *Matilda* and the said *William L.*, the latter secretly signed and acknowledged a deed of his real estate to his son, *William Dearmond*, but kept the same in his possession till his death, after which, the said *William*, by stealth, obtained possession of it, &c. She claims that the deed was a fraud upon her marital rights. The complaint was filed against all the children and heirs of her deceased husband by the first wife.

Answer in general denial.

Trial by jury. Judgment for the plaintiff.

One of the errors assigned is the overruling of a challenge for cause to a juror.

*Rice Robinson*, on examination, stated that the plaintiff's first husband was a brother of his wife; that his, and the plaintiff's children by that husband, were first cousins.

It would seem, from the case of *Trullinger* v. *Webb*, 3 Ind. R. 198, that the challenge to the juror should have been sustained. Had this plaintiff instituted a suit for any cause while her husband was living, *Robinson* would certainly have been an incompetent juror in such suit; and, as issue was left surviving by that husband, it would seem that the incompetency continued to exist. 2 R. S. p. 340.

. Before the commencement of the trial, *William Dearmond*, one of the defendants, made oath that he had no interest in the suit; that he had released all his right and title in the subject-matter in controversy to his co-defendants, and filed a quit claim deed to them, as evidence of the fact, which deed was executed *June* 25, 1855. He moved that his name be stricken from the list of defendants. The Court overruled the motion.

Where there are several defendants in an action of tort,

the Court, at any time, when it fully appears by the evidence that one or more of said defendants cannot have a judgment rendered against them, will order them discharged. So, the Court may, by statute, at any stage of all civil suits, permit the names of improper or unnecessary parties to be stricken out. 2 R. S. p. 48, § 99. But, in this case, as the plaintiff was suing not only for the land, but also for damages for its detention, perhaps this defendant might be liable in respect to such as might have accrued before he released; and, if so, the Court did right in refusing to permit his name to be stricken out. The Court had a discretion on this point.

On the trial, his co-defendants, upon the same ground that said *William* had moved that his name be stricken from the list of defendants, viz., want of interest in the suit, offered him as a witness in their behalf to prove that their father made the deed sought by the plaintiff to be set aside, or the contract for it, long before he contemplated marriage with the plaintiff; that he made it for a valuable consideration, and in good faith, and actually delivered it. The Court refused to hear him testify.

The facts proposed to be proved by the witness were pertinent to the case, and might have had a material bearing upon it, as may be seen in what will be subsequently said; yet, as he was a party to the record, and, as we have seen, might be subjected to a joint judgment, as to part of the subject-matter of the suit, we cannot say he was erroneously excluded as a witness. *Wood* v. *Cohen*, 6 Ind. R. 455.

The defendants offered to prove by one *Beaver* that up to, and for a short time after, the date of the deed claimed by the plaintiff as fraudulent, the plaintiff was receiving his, *Beaver's*, addresses as a suitor, and was under promise of marriage with him. The Court refused the testimony as irrelevant. We think the Court erred in the refusal.

The questions arising in this case for trial were two—

1. Was the deed in question delivered to the grantee?

2. Was it fraudulent as to the plaintiff in this suit?

May Term,
1858.

DEARMOND
v.
DEARMOND.

Any evidence pertinent to these questions was admissible. The question of marital rights, about which much was said in the instructions and argument, had nothing to do with the case.

At common law, the husband assumed the duty of paying the debts of his wife contracted before coverture, and of supporting her during its existence; and he could not, therefore, justly be deprived by her, of the means she might possess to enable him to do it. Williams on Personal Property, top p. 409. As it was a marital liability to pay the wife's existing debts, so it was held a marital right to receive such property as she might possess to aid in doing it. Bouvier, Law Dic. tit. Marital. This principle does not apply in a case by the wife against the husband. And, as a general proposition, the owner of property has a right to dispose of it to whom he pleases. Still, there are some restrictions upon this right. One is, that it must be exercised without fraud. And undoubtedly, if a man or woman should represent to the other, as an inducement to marriage, that he or she was the owner of certain property, and the marriage, in part upon such consideration, should be consummated, a secret voluntary conveyance of such property before the marriage, by one of the parties, might be a fraud upon the other.

The evidence in this case, offered and rejected, might have tended to show that the property in this case was conveyed before the plaintiff and defendant contemplated marriage, and, hence, tended to repel an inference of fraud. See 1 Story's Eq. Jurisp. p. 290; Adam's Eq. top p. 428.

The question, what constitutes a delivery of a deed? has been much discussed. It is much a question for the jury in each particular case. A deed may be delivered by words without actions, and by actions without words. 7 Petersdorff 660. It may be delivered without being actually handed over. Chit. Cont. 3. If once delivered, its retention by the grantor subsequently, does not divest the title of the grantee. *Connelly* v. *Doe*, 8 Blackf. 320.

To be delivered, it would seem that the deed must pass

under the power of the grantee, or some person for his use, with the consent of the grantor. Petersdorff, *supra.*— *Wilson* v. *Cassidy*, 2 Ind. R. 562.—Ind. Digest, 305.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded for a new trial.

*S. W. Parker* and *J. C. McIntosh*, for the appellants.

*J. A. Fay* and *N. Trusler*, for the appellee.