May Term,
<u>1858.</u>

Kelly *v.* Hocket and Others.*

KELLY
v.
HOCKET.

Suit in the Common Pleas upon promissory notes. The defendant answered denying the jurisdiction of his person, because he was a brother of the judge. Upon a review of the statutes, *held,* that the objection should have been taken by way of application to change the venue.

*Held,* also, that the fact that it was the defendant—the party objecting—to whom the judge was related, made no difference.

APPEAL from the *Grant* Court of Common Pleas.                    Monday,
PERKINS, J.—*Hocket, Lomax* and *Willcuts,* sued *David*  May 31.
*Kelly,* in the *Grant* Common Pleas, on promissory notes amounting to about 170 dollars. The defendant answered denying the jurisdiction of the Court over his person, because he was a brother of the judge of said Court. A demurrer to the answer was sustained; and, the defendant refusing to answer further, judgment was given against him for the amount of the notes.

The only question is, whether the Court erred in sustaining the demurrer to the answer.

At common law, interest disqualified judges and jurors. *Commonwealth* v. *Ryan,* 5 Mass. R. 92.—*Hill* v. *Wells,* 6 Pick. 108.—*Trullinger* v. *Webb,* 3 Ind. R. 198.

In this state, it would seem that the disqualification must be declared by the constitution, or by statute.

We have not observed that the constitution specifies any grounds of incompetency on the part of judges. It declares that in every criminal case, the defendant shall be entitled to an impartial jury, &c. Our statutes have generally made pecuniary interest, and that from consanguinity and marriage, a disqualification. *Dawson* v. *Wells,* 3 Ind. R. 398. They do so now, substantially, in cases of circuit judges and justices of the peace. At all events, they make it a valid ground of objection. 2 R. S. pp. 5, 74, 454.— Laws of 1855, p. 61.

It is contended that relationship by blood or marriage is not made, by statute, a ground of objection to a judge of

---

* Another case between the same parties, precisely like this, was this day decided in the same way, for the same reasons.

the Court of Common Pleas. The act creating that Court contains these provisions:

"SEC. 9. If in any case cognizable in the Court of Common Pleas, the judge thereof may be or shall have been interested, either as counsel, executor, administrator, guardian, heir, devisee, legatee or otherwise, such case, and all matters relating thereto, shall be instituted, prosecuted and determined before the Circuit Court of the same county.

"SEC. 10. If during the pendency of any such suit or matter, the judge of Common Pleas shall become disqualified to hear and determine the same, for any of the causes specified in the last preceding section, such suit or matter shall be transferred to the Circuit Court of such county."

Why, in the cases provided for in both these sections, the cause was not directed to be certified to the Circuit Court; and why relationship was not mentioned as a cause of such transfer, it is, perhaps, not very easy to conceive. But such does not seem to be the case. The objection of relationship seems to be provided for in another part of the statute. On page 74, 2 R. S., it is enacted that a change of venue may be granted where "the judge is of kin to either party."

In view of this provision, we think we should not, as we should otherwise be inclined to do, extend, by construction, sections 9 and 10, above quoted, so as to make them include relationship by kindred or marriage.

The defendant, in this case, should have taken his objection by way of application to change the venue.

It is suggested that, as it was the defendant, himself, the party objecting, to whom the judge was related, the objection was not valid. We think this fact made no difference. The delicacy of the position would lead many a conscientious judge to lean against his relative, for fear of leaning in his favor—in striving to stand perfectly erect, to bend a little backward. Besides, the statute makes no distinction.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*J. Brownlee*, for the appellant.

*I. Van Devanter* and *J. F. McDowell*, for the appellees.