FREDERICK
v.
DEVOL.

*Friday,
December 14.*

---

FREDERICK v. DEVOL.

In an action for the recovery of personal property, and after the cause had been submitted to the Court, the plaintiff was permitted to introduce evidence to prove the value of the property.

*Held*, that it was within the discretionary power of the Court to admit such evidence for the furtherance of justice.

*A.* executed to *B.* a mortgage upon a certain machine-shop and the real estate upon which the same was situated, together with the "appurtenances;" and afterward executed to *C.* a mortgage upon the patterns, tools, and movable fixtures in said shop. To an action, by the latter, to recover the property described in his mortgage, the defendant pleaded the senior mortgage; to which *C.* replied, that at the time of the execution of said mortgage, it was agreed, between *A.* and *B.*, that the tools, &c., should not be considered as real estate, and embraced in said mortgage, but should remain unincumbered personal property.

*Held*, that such an agreement may be made; that it may control the character of movable fixtures, as to being realty or personalty, and that subsequent purchasers or mortgagees may be subject to, and have the benefit of, such agreement.

*Held*, also, that in suits between different claimants from the common grantor, such agreement may be proved by parol.

APPEAL from the *Floyd* Circuit Court.

*Friday,
December 14.*

PERKINS, J.—Suit by *Devol* against *Frederick*, to recover personal property. Judgment for the plaintiff.

The following is a copy of the assignment of errors in this Court:

"Said *Frederick* says, there is manifest error in the proceedings below, in this:

"1. The Court erred in overruling the defendant's demurrer to the second paragraph of the plaintiff's reply.

"2. The Court erred in finding for the plaintiff on the evidence.

"3. The Court erred in permitting the plaintiff to prove the value of the property, after the cause had been submitted to the Court."

Inverting, in our notice of them, the order of assignment, we consider the last error assigned, first. It was in the discretion of the Court to admit, for the furtherance of justice, the evidence of value, at the time it was admitted.

As to the second assignment of error, it is not supported by the record. The evidence in the cause was all admitted without objection; was all, therefore, to be considered in determining the cause, and it fully justified the finding and judgment of the Court.

The first assignment of error requires a more extended notice, and a partial statement of the facts of the case.

The plaintiff, *Devol*, claimed the property by virtue of a mortgage conveying it, specifically, to him. The defendant also claimed it under a mortgage conveying a machine-shop, the ground on which it stood, " and the appurtenances." The property involved in the suit consisted of patterns, tools, &c., used in said machine-shop. The mortgage under which the defendant claimed was older than the plaintiff's, and he insisted that the tools, &c., in question, passed to him, as fixtures pertaining to the realty, by virtue of his mortgage, and so alleged in his answer.

The plaintiff replied, in substance, that at the time the defendant's mortgage was executed to him, by the owner of the shop, it was agreed, between the said defendant and the owner, that the tools, &c., covered by the second mortgage, should not be considered as real estate, and be embraced in said mortgage under the word " appurtenances," but should remain unincumbered personal property.

To this reply the defendant demurred, on the ground that

it did not state facts sufficient to avoid his answer. The Court overruled the demurrer, holding the reply good.

That such an agreement may be made; that it may control the character, as to being realty or personalty, of movable fixtures, and that subsequent purchasers, or mortgagees, may be subject to, and have the benefit of, such agreement, is settled by numerous cases, the last of which, that has fallen under our notice, is *Ford* v. *Cobb*, 20 N. Y. Court of Appeals, p. 344, where previous cases are collected. That such agreement may be proved by parol, in suits between different claimants from the common grantor, seems to be equally clear. *Noble* v. *Epperly*, 6 Ind. 468; Ind. Dig. 440; Greenleaf's Ev. § 279, p. 401; Cowen, Hill, and Edward's Philips' Ev. vol. 2, p. 650. Such being the case, it follows that the Court below did not err in its ruling, and that the judgment below must be affirmed.

*Per Curiam.*—The judgment is affirmed, with costs.

*R. Crawford* and *Howk & Weir*, for appellant.

*W. T. Otto*, for appellee.

(1.) By counsel for appellant: The defendant's answer was bad, for attempting to set up a cotemporaneous agreement to vary the terms of the mortgage. *Trullinger* v. *Webb*, 3 Ind. 198; *Harper* v. *Ponnel*, 10 Ind. 33; *Noble* v. *Bosworth*, 19 Pick. 314; *Mott* v. *Palmer*, 1 Com. 574; *Pattison* v. *Hull*, 9 Cow. 754.

The general course of decision is in favor of viewing everything as a fixture, which has been attached to the realty with a view to the purpose for which it was held or employed, however slight or temporary the connection between them may be. *Taffe* v. *Warrick*, 3 Blackf. 111; 2 Smith's Leading Cas. 249; Shep. Touch. 469; 1 H. Black. 259 n.; Caldecot, 262; *Hare* v. *Horton*, 5 Barn. and Ad. 715; 27 Eng. Com. L. and Eq. 160; *United States* v. *Appleton*, 1 Sum. 491; *Farrar* v. *Stackpole*, 6 Greenl. 154; *Parsons* v. *Copeland*, 38 Maine R. 537; *Dispatch Line* v. *Bellamy Man. Co.*, 12 N. H. 205; *Winslow* v. *Merchants' Ins. Co.*, 4 Met. 306; *Snedeker* v. *Warring*, 2 Kern. 170; *Walker* v. *Sherman*, 20 Wend. 655; *Voorhis* v. *Freeman*, 2 Watts and S. 116; *Harlan* v. *Harlan*, 15 Penn. State R. 507; *Christian* v. *Dripps*, 28 *id.* 271; *McKenna* v. *Hammond*, 3 Hill, (S. C.) 331; *McDaniel* v. *Moodey*, 3 Stew. 314; *House* v. *House*, 10 Paige, 158; 4 Humph. 431.

The grant of the principal thing will carry with it all its incidents, whether physically attached or not, unless they are specially excepted. *Peirce* v. *Emery*, 32 N. H. 484; *Farmers' Loan and T. Co.* v. *Hendrickson*, 25 Barb. 484; *Phillips* v. *Winslow*, 18 B. Mon. 431.