Ellis Friend, *Appellant from the decision of the County Commissioners of Penobscot County.*

By R. S., c. 18, § 35, in cases of appeal from the decision of county commissioners on petitions for laying out, altering or discontinuing any highway, the Court may appoint a committee of three *disinterested* persons, &c.

Where the land over which a road is laid by the county commissioners is owned by a railroad company, a stockholder in said company is not *disinterested*, and cannot be appointed on the committee.

Barrows, J.—Friend appealed from a decision of the county commissioners laying out a certain road in the town of Etna upon the petition of Moses Abbott & als, and, through his counsel,—without the knowledge or consent of the original petitioners or their counsel, the county commissioners, or county attorney,—procured the appointment of a committee, a majority of whom were objected to by the original petitioners, when they were notified of a hearing before them, as interested by reason of being stockholders in a railroad corporation which was the owner in fee of land over which the road runs.

It is admitted that two of the committee at the time of their appointment were, and still continue to be stockholders in such railroad company.

This committee made their report reversing in part the decision of the county commissioners, and it is submitted to this Court to determine upon the above facts whether the committee were disqualified to act in the premises.

There can be no doubt that they were.

Chapter 18, § 35, of the Revised Statutes, provides for the appointment of "a committee of three disinterested persons" to pass upon such cases, and it is well settled that *any* interest, *however small*, is sufficient to render one who is required to act in a judicial capacity incompetent. *Pierce* v. *Atwood*, 13 Mass., 324.

In *Hesketh* v. *Braddock*, 3 Barr., 1847, jurors were held disqualified where the prosecution was for a penalty, which was to be recovered for the use of the corporation of which they were members, though the whole penalty was only £5:

It was decided in *State* v. *Delesdernier*, 2 Fairf., 473, that the owner of land over which a road was located was incompetent to act in laying out the same. The owner of stock in a corporation which owns the land is equally so.

*Report rejected.*

APPLETON, C. J., CUTTING, KENT, DICKERSON and TAPLEY, JJ., concurred.

*L. Barker*, for the appellees.

*Wm. H. McCrillis*, for the appellant.