————————o————————

HIGH *v.* THE BIG CREEK DITCHING ASSOCIATION.

DRAINING ASSOCIATION.—*Appraiser.*—*Disqualification by Reason of Interest.*—An appraiser, appointed to appraise the benefits and damages to accrue to land-owners along the line of a ditch, whose sister-in-law, niece, and nephew own land along the line of the ditch, is not a disinterested party, and is disqualified from acting.

From the White Common Pleas.

*J. H. Wallace, C. H. Test,* and *D. V. Burns,* for appellant.

BUSKIRK, J.—This was an action by the appellee against the appellant, to enforce an assessment of benefits.

There was issue, trial by jury, verdict for plaintiff, and over a motion for a new trial, judgment on the verdict.

The only error assigned is based upon the action of the court in overruling the motion for a new trial.

The principal reason relied upon for a reversal of the judgment is based upon the alleged error of the court in excluding competent evidence offered by appellant.

The second paragraph of the answer was as follows:

"The defendant for a second paragraph of answer to plaintiff's complaint, and as a bar to the plaintiff's cause of action, says, that one of the appraisers, John P. Carr, appointed to appraise the benefits and damages to accrue to land-owners along the line of said ditch as described in plaintiff's complaint, was not a disinterested party, from the fact that his sister-in-law, niece, and two nephews owned land along the line of said ditch and were assessed benefits."

High *v.* The Big Creek Ditching Association.

The sixth section of the act, under which these proceedings were had, requires the appointment of three disinterested appraisers, to assess benefits and damages, etc.

It appears from the record that three appraisers were appointed, but only two of them acted, Mr. Carr being one of the two.   The appellant at the proper time offered to prove the facts averred in the second paragraph of the answer, but the appellee objected, and the objection was sustained, and the evidence was excluded, to which appellant excepted, and reserves the question by a bill of exceptions.

The 11th clause of sec. 2 of an act in relation to the construction of statutes and the definition of terms provides: "When a person is required to be disinterested or indifferent in acting on any question, or matter affecting other parties, consanguinity or affinity within the sixth degree, inclusive, by the civil law rules, or within the degree of second cousin inclusive shall be deemed to disqualify such person from acting except by consent of parties."   2 G. & H. 338.

It is quite clear that the appraiser named, upon the facts alleged in the answer and offered to be proved on the trial, was disqualified from acting, and that the court erred in excluding the evidence.

The above section of the statute has been construed by this court several times.   *Trullinger* v. *Webb*, 3 Ind. 198; *Dearmond* v. *Dearmond*, 10 Ind. 191; *Roy* v. *Haviland*, 12 Ind. 364.   We cannot presume consent in such a case as this.

The court erred in overruling the motion for a new trial.

The judgment is reversed, with costs; and the cause is remanded, with directions for a new trial in accordance with this opinion.