## Hudspeth et al. *v.* Herston.

Jury.—*Relationship to Party.—Second Cousin.—Rules of Civil Law.*—Relationship, either by consanguinity or affinity, within the sixth degree inclusive, by the rules of the civil law, existing between a juror and a party to an action, disqualifies such juror to sit as such upon the trial of that action, even though such relationship be unknown to both the juror and the party until after the trial.

Same. — *Examination of Jury by Court. — Knowledge of Relationship. — New Trial.— Waiver.*—A jury, upon being duly sworn, answered in the negative a question put to them by the court as to whether any of them were " related, by blood or marriage, to either party to the suit," whereupon they were sworn and tried the cause. A motion was made by the losing party, for a new trial, upon the ground that he had, since the trial, discovered that one of the jurors was a second cousin of the opposite party. *Held,* that, though neither the juror nor the successful party knew of such relationship until after the trial, and though the losing party had not questioned the jury concerning the matter of relationship, he had not waived his right, but was entitled, to a new trial.

From the Warrick Circuit Court.

*I. S. Moore, J. C. Denny* and *C. S. Denny,* for appellants.

Howk, C. J.—This was a suit by the appellee, against the appellants, on certain notes executed by the latter to the former, and alleged to be due and unpaid.

Answers and replies were filed, putting the cause at issue.

We need not notice these pleadings further, as no question concerning them is presented for our decision.

The issues joined were tried by a jury, and a verdict was returned for the appellee, and judgment was rendered thereon. Thereupon the appellants moved the court to set aside the verdict and grant them a new trial, which motion was overruled, and to this ruling they excepted, and appealed to this court.

The appellants have here assigned as error the decision of the circuit court, in overruling their motion for a new trial. The causes assigned for such new trial, and the affidavits filed in support of and against the motion, fairly present the grounds upon which the appellants ask for a reversal of the judgment.

It appears from the record, that, when this cause was called for trial in the court below, a trial by jury was demanded, and the sheriff then called the regular panel to try the case, among whom was Lewis A. Baker, who subsequently became the foreman of said jury; that, before the jury were sworn to try the case, they were first sworn to answer such questions touching their qualifications as jurors as might be propounded to them, under the direction of the court; that the court then, in a loud, plain and distinct voice, read the names of the parties to this suit, plaintiff and defendants, and in a like loud, plain and distinct voice, asked said jury the following question: "Are either of you related, by blood or marriage, to either of the parties to this suit?" That said Lewis A. Baker, being then in the jury box, and clearly understanding said question, answered the same in the negative; and that the

said Baker was thereupon accepted as a juror, and was afterward empanelled and sworn with the jury and tried this cause. · It further appeared that said Baker was in fact related by blood to the appellee, within the pro- hibited degrees, in this, that the appellee's grandmother. and the grandfather of said Baker were brother and sister, and that this relationship was not known to either the ap- pellants or their counsel until after the jury had returned their verdict. In an affidavit made by the appellee, he admitted the relationship as stated between himself and the juror Baker, but did not know at the time of the trial that "he was as nearly related to the juror, as in fact he was." The juror, Baker said in his affidavit, that, when he was examined touching his qualifications as a juror in this case, he did not know he was any relation of the appellee, and when he answered the question propounded by the court in the negative, he did so in utter ignorance of the relationship between him and the appellee, which had .since come to his knowledge.

Upon the facts shown by the affidavits filed with the ap- pellants' motion for a new trial, it is very clear that Lewis A. Baker was not a competent juror on the trial of this cause. In the eleventh clause of the 1st section of "An act in relation to the construction of statutes, and the defi- nition of terms," approved June 18th, 1852, it is provided, that, " When a person is required to be disinterested or in- different in acting on any question, or matter affecting other parties, consanguinity or affinity within the sixth degree, inclusive, by the civil law rules, or within the degree of second cousin inclusive shall be deemed to disqualify such person from acting except by consent of parties." 2 R. S. 1876, p. 316. *Trullinger* v. *Webb*, 3 Ind. 198; *Dearmond* v. *Dearmond*, 10 Ind. 191 ; and *High* v. *The Big Creek Drain- ing Association*, 44 Ind. 356.

It can not be said, we think, under the facts shown by

the affidavits in this case, that the appellants consented to the trial of this action by a cousin of the appellee, when they did not know of such relationship until after the trial Nor can it be correctly said, that the appellants have waived the objection to the juror, on account of his relationship to the appellee, because they did not, personally or by their counsel, examine the juror on his oath as to his relation-ship to the appellee. We are clearly of the opinion, that, as to this matter, the appellants had the right to rely im-plicitly, without any further examination, upon the an-swer of the juror to the question propounded to him by the court.

It seems to us, also, that the fact alleged by the juror in his affidavit, that, at the time of the trial, he was wholly ignorant of any relationship between him and the appellee, can have no possible bearing on the correct decision of the question now under consideration. The appellants had a clear legal right to have their case tried by a disinterested jury. Under the law, the juror, Baker, was not a compe-tent juror; but, without fault or negligence on the part of the appellants, and in ignorance of his incompetency, they accepted him as a juror. As soon as they were in-formed of the juror's incompetency, the appellants moved the court, on that ground, for a new trial of this cause, but the motion was overruled.

We think, that, under the facts of this case, as shown by the affidavits and counter affidavits, the appellants were lawfully entitled to a new trial of this action, and that the court below erred in overruling their motion there-for.

The judgment is reversed, at the appellee's costs, and the cause is remanded with instructions to sustain the motion for a new trial, and for further proceedings.