Bradley v. City of Frankfort.

No. 11,793.

BRADLEY v. CITY OF FRANKFORT.

| 99 | 417 |
|---|---|
| 133 | 95 |

| 99 | 417 |
|---|---|
| 148 | 388 |
| 149 | 186 |

CITY.—*Opening Streets.—Commissioners.*—A person who is financially interested in the opening of a street, or who is father-in-law to a person whose property will be affected by such opening, is incompetent to act as a commissioner, in the assessment of benefits and damages.

| 99 | 417 |
|---|---|
| 165 | 555 |

SAME.—*Objections to Commissioners.— Waiver.*—If a person is served with notice of the second meeting of the commissioners, and before an assessment against his property, has knowledge of the incompetency of any commissioner, he must make the objection then and there. If he does not, he will be deemed to have waived it.

| 99 | 417 |
|---|---|
| 167 | 380 |

| 99 | 417 |
|---|---|
| 170 | 112 |

SAME.—*Objections on Appeal to Circuit Court.*—If his objection is overruled, or not reported to the common council, or disregarded by the common council, it may be renewed, and tried on appeal in the circuit court.

SAME.—*Regularity of the Appointment of Commissioners, etc.*—No question can be made in the circuit court, as to the regularity of the appointment of commissioners, except by a verified answer.

From the Clinton Circuit Court.

*J. V. Kent,* for appellant.

*A. E. Paige* and *S. O. Bayless,* for appellee.

ZOLLARS, C. J.—From the proceedings of the common council of the city of Frankfort and the " city commissioners," under section 3166, *et seq.,* R. S. 1881, in the extension and opening of a street, and the assessment of damages and benefits, appellant, to whose real estate benefits were assessed, appealed to Clinton Circuit Court.

In that court he filed his objections to the proceedings of the common council and commissioners, as he had a right to do under section 3180, R. S. 1881. A demurrer was sustained to the fifth and sixth grounds of his objections. Appellant has assigned that ruling as error, and seeks by argument to make good that assignment.

The substance of the fifth ground of objection is that one of the " city commissioners," who assisted in assessing benefits to appellant's property, was disqualified and incompetent to act, for the reason that he was financially interested in the

opening of the street, as he owned property upon the street which will be benefited by the opening, if by such opening benefits will accrue to any property, and that on account of such interest he was unduly biased, prejudiced and influenced to assess benefits to appellant's property.

The substance of the sixth ground of objection is that another of the city commissioners was disqualified and incompetent to act, because he is the father-in-law of one Bryant, who owned property upon the street, which would be benefited, if by such opening benefits would accrue to any property.   The statute provides that once in each year the circuit court in the county wherein cities are situated, shall appoint five freeholders, residents of the city, to act as "city commissioners" in the opening of streets, etc.   Section 3166, R. S. 1881.

It is provided in section 3167, that in case any commissioner shall be interested, he shall be incompetent; and in case a number are interested, so great as not to leave a majority competent, the common council may appoint commissioners *pro tempore.*   Under the statute and our decisions, these causes clearly show the two commissioners named to have been incompetent.

The eleventh subdivision of section 240, R. S. 1881, which has been in force since 1852, 2 R. S. 1876, p. 316, provides that "When a person is required to be disinterested or indifferent in acting on any question or matter affecting other parties, consanguinity or affinity within the sixth degree, inclusive, by the civil law rules, or within the degree of second cousin, inclusive, shall be deemed to disqualify such person from acting, except by consent of parties."

Under this statute it was held in the case of *High* v. *Big Creek Ditching Ass'n,* 44 Ind. 356, that an appraiser appointed to appraise the benefits and damages to accrue to land-owners along the line of a ditch, whose sister-in-law, niece and nephew own land along the line of the ditch, is not a disinterested party, and is disqualified from acting. See,

also, cases therein cited; also, *Hudspeth* v. *Herston*, 64 Ind. 133; Mills Em. Dom., section 227; *Clifford* v. *York Co. Comm'rs*, 59 Maine, 262; *State* v. *Delesdernier*, 11 Maine, 473; *State* v. *Crane*, 36 N. J. L. 394; *Friend, Appellant*, 53 Me. 387; *Rock Island, etc., R. R. Co.* v. *Lynch*, 23 Ill. 597; *State* v. *Jersey City*, 25 N. J. L. 309. That all parties whose lands are to be assessed, or who are in any way to be affected by the proceedings, have the right to demand that the commissioners shall be impartial, is apparent to any one. The above adjudications are all upon statutes with provisions similar to the statute under consideration, as to the qualifications of appraisers and commissioners, and hence are authority here. ·

This position does not seem to be controverted by counsel for appellee, but their contention is that the question can not be made as attempted by appellant in the fifth and sixth grounds of objections to the proceedings, as filed in circuit court. They say:

" We submit to this court that the court below committed no error in sustaining the demurrers to these ' grounds of objection,' for the following reasons, to wit:

" 1st. For the reason that they seek to raise a question of which the city commissioners have *exclusive jurisdiction*.

" 2d. For the reason that they seek to raise a question prohibited by the statute.

" 3d. For the reason that the appellant waived his right to file the objections in the court below on account of having failed to present the same before the commissioners and council, as provided in section 3167, R. S. 1881."

Section 3180 does provide that the question as to whether proper assessments were made in favor of, or against, persons, other than the appealing party, shall not be tried on appeal to the circuit court; but, clearly, under this section, the appellant may put in issue and have tried the question as to whether or not too much is assessed against him, or as to whether or not he should have been assessed at all. The section clearly implies this. And for the purpose of showing

that one of the commissioners is disqualified because interested, it may be shown that he is the owner of property upon the line of the street in as close proximity as that of the appellant, and that because of such proximity and liability to assessment for benefits, the commissioner is financially interested.

Especially should this be so, when, as in this case, it is alleged, that by reason of these facts he was prejudiced, biased and influenced in assessing greater benefits to the property of the appellant. Mills Em. Dom., section 234. As to whether or not appellant waived his objection to the competency of the two commissioners is a more serious question.

Section 3167 of the act provides that any person interested in the proceedings, or whose property is affected, may present his objections, and if the commissioners be found interested, commissioners *pro tempore* may be appointed by the common council.

Section 3168 provides for two meetings of the commissioners. At the first they determine simply the property that will be affected in the way of benefits and damages. No notice of this meeting is required to be given to property-owners. It is provided, however, by the same section, that with the report of the proceedings and result of this meeting, the commissioners shall file a notice of the time and place, when and. where, they will meet to determine the question of benefits and damages to real estate. Upon this being done, the city clerk must issue like notices, which must be served upon the owners of property named in the report. These notices must state generally the character of the proposed improvement, etc., but need not describe the property to be affected.

At the second meeting the commissioners may subpœna witnesses and hear testimony bearing upon questions to be then determined by "all matters concerning the laying out of the street," etc. Sections 3169 and 3170.

Appellees contend that the appellant should have made his objections to the commissioners at this meeting, and that be-

cause he did not he waived his objections. The general rule is that such objections must be made at the earliest opportunity, so that the proceedings shall not be allowed to proceed to a fruitless result, with the accumulation of large cost, and that if not so made, they will be deemed to be waived. Mills, Em. Dom., section 251; *Fowler* v. *County Comm'rs,* 6 Allen, 92; *Mansfield, etc., R. R. Co.* v. *Clark,* 23 Mich. 519; *Reading-ton* v. *Dilley,* 24 N. J. L. 209; *Commissioners' Court* v. *Bowie,* 34 Ala. 461; *People* v. *Taylor,* 34 Barb. 481. Hence, we have held in highway cases, that objections not made before the board of county commissioners, when there is an opportunity to make them, shall be taken as waived, and can not be made on appeal. *Green* v. *Elliott,* 86 Ind. 53; *Peed* v. *Brenneman,* 89 Ind. 252; *Lowe* v. *Ryan,* 94 Ind. 450.

This rule of practice, however, does not apply where no such opportunity is afforded. *Breitweiser* v. *Fuhrman,* 88 Ind. 28; *Fleming* v. *Hight,* 95 Ind. 78.

It will be observed that under section 3167, *supra,* upon objection being made to the competency of commissioners, the common council are to appoint commissioners *pro tempore,* if those objected to are found to be incompetent.

As to when and how such objection is to be made is not definitely stated in this section, nor in any other section of the statute. As there is no provision made for notice to property owners of the appointment of the commissioners by the court or common council, or of the first meeting of the commissioners, clearly, such property owners are not called upon to make such objections prior to the report of the determination of the commissioners at the first meeting. This is further apparent from the fact that the objections are to be made by persons whose " property is affected." It can not be known whose property is affected in the sense of the statute, until after the commissioners shall have reported upon that subject.

It is provided in the latter portion of section 3180 that on appeal to the circuit court no question shall be tried concerning the regularity of the appointment of the commissioners,

their qualifications or competency, unless the appellant, by answer duly verified, shall put such matters in issue. This, clearly, by implication, authorizes such objection upon appeal. Are the objections, then, to be made only in the circuit court, or may they also be made at the second meeting of the commissioners? If they may be made at either time and place, may the objecting party exercise his option as to time and place?

When persons are served with notice of the second meeting of the commissioners they are called upon to appear before them and protect their rights. If the notice does not serve this purpose, and carry with it the right and duty to thus appear, it serves no purpose at all, and had as well not be given. The commissioners thus assembled at the second meeting are there, in a sense, as the triers of the fact as to whether or not the lands of the persons named in the first report will be benefited or damaged by the proposed opening of the street, etc. These persons are entitled to competent and impartial triers, and if they think that the commissioners are not competent and impartial, they clearly have the right to object to them before they proceed to make the assessments. Having the right, they ought to exercise it, and thus prevent a useless proceeding and the accumulation of useless costs.

We think that a proper construction to give to these various sections of the statute is, that if a person is served with notice of the second meeting of the commissioners, and, before the making of assessments against his land, has knowledge that any of the commissioners, on account of their interest, are incompetent, he should make the objection before the assessments are made, and that if he does not make the objection then and there, he must be deemed to have waived it, and can not make it on appeal. Section 3180 gives the right to try this question on appeal, but it does not follow from this, that it may, or must in all cases, be first made there, or that it may not be waived by a failure to make it as above stated.

If his objection before the commissioners is overruled, or

Bradley *v.* City of Frankfort.

is disregarded and not reported to the common council, or if the common council disregard it, it may be renewed and tried on appeal; or if a party has had no knowledge of such incompetency before the making of the assessments, and has no opportunity to make the objection, under the above section 3180, he may make it in the circuit court on appeal.

It is stated in fifth ground of objection, *supra,* that appellant did not know that the common council intended to appoint Clark as a commissioner, until long after the appointment was made.

In the sixth ground of objection, *supra,* it is stated that appellant had no notice that the city commissioners would assess benefits to his property, until long after Gester was appointed a commissioner by the common council, and was not present when the appointment was made.

It will be observed that there is no averment here that appellant had no knowledge of the incompetency of these commissioners before or at the time of the second meeting of the commissioners. There is no averment at all as to knowledge, or want of knowledge, of such incompetency. The theory of these grounds of objection seems to be that objections to the commissioners appointed by the common council must have been made at the time of their appointment, and could not be made afterwards. Under the construction we have given the statute, this theory is not tenable.

As appellant was served with notice of the second meeting of the commissioners, he could and should have made his objections then and there, if, at that time, he had knowledge of any incompetency. If he had not, he should have averred that fact in the above grounds of objection, and thus put himself in a position to make the objection in the circuit court. Not having done this, the above grounds of objection were insufficient as an answer to the transcript of the proceedings, which, under section 3180, *supra,* is considered as the complaint, and there was, therefore, no error in sustaining the demurrer to them.

The two commissioners above named, with one other, were appointed by the common council. Appellant seeks to make the question in argument that they were not regularly appointed. Section 3180, *supra*, provides, as we have seen, that no question shall be tried on appeal concerning the regularity of the appointment of the commissioners, unless the appellant, by answer duly verified, shall put such matter in issue. No such question was raised by any ground of objection or answer filed below, and hence cannot be made here.

The judgment is affirmed, with costs.

Filed Jan. 6, 1885.