## McCarty v. Twibell.

[No. 10,808.    Filed June 30, 1921.    Rehearing denied September 30, 1921.    Transfer denied October 13, 1921.]

1. Fixtures.—*Scales Affixed to Realty.—Reservation as Personalty.*—Where an administratrix at the time of the sale of her

intestate's farm, announced that certain scales, which the court had ordered sold as personal property, were not being offered for sale with the realty, and that they could be purchased by separate contract, and where purchaser bought the land with full knowledge of the fact that the scales had been treated as personal property, and so treated them himself after his purchase of the farm, he was estopped from thereafter claiming that the scales were part of the realty. p. 457.

2. EVIDENCE.—*Reservation by Administratrix of Scales on Realty from Sale of Land.—Parol Evidence.—Admissibility.—* Where an administratrix sold her intestate's farm upon which certain scales were situated, parol evidence was admissible to prove that at the time of sale she reserved such scales from the sale of the land. p. 458.

From Wells Circuit Court; *Frank W. Gordon,* Judge.

Action by Eli A. Twibell against John M. McCarty. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Abram Simmons* and *Charles G. Dailey,* for appellant.
*Vaughn & Decker* and *W. H. Eichhorn,* for appellee.

NICHOLS, P. J.—Action in replevin by appellee against appellant.

It appears by the special findings, as far as necessary to this decision, that Wm. Baker died intestate in Wells county, Indiana, June 13, 1916. His widow was appointed administratrix of his estate July 26, 1916, in which capacity she served until May 23, 1918, when she made her final report which was approved. September 4, 1916, she filed her inventory of the personal property, item No. 18 of which was a "Jones Farm Scales," appraised at $25. On September 19, 1916, said administratrix procured an order of court to sell said scales as personal property, along with certain other personal property, and thereafter, conforming to said order, sold the same to appellee for $25, being the full appraised value thereof. On September 19, 1916, said administratrix also filed her petition in said Wells Cir-

cuit Court to sell the real estate of her decedent to make assets to pay debts. Said administratrix as the widow and one Lester A. Baker were the only heirs of said deceased, both of whom were made defendants to said petition to sell the real estate, and each filed a waiver of process, and consented to the sale thereof. The court ordered said sale after giving notice by publication and posting, and on November 10, 1917, said real estate was sold to appellant, there being competitive bidders. The sale was reported to and confirmed by the court and deed ordered. A few days before the sale, appellant visited the real estate which he afterward purchased, and saw the scales involved thereon, and observed the manner of their situation on said real estate. On the day of the sale the attorney for the administratrix announced in the presence and hearing of appellant that the scales had been inventoried and appraised as personal property, that they would not be sold with the real estate, that any person who wished to purchase the same could do so under a separate contract, and that the bidders should make their bids with the understanding that the scales would not be sold with the land. Immediately after such announcement open bids were received, and the real estate was sold to appellant as aforesaid. The decedent had purchased the scales about nine years before his death and had placed them upon the real estate which he owned in fee simple. Prior to the date of the sale the administratrix fixed upon said farm scales the character of personal property, and appellant had full knowledge of the fact that they were so treated before he purchased the real estate, and at the time of such purchase and ever since he has treated them as personal property and not as fixtures. On these facts the court stated its conclusions of law: (1) That appellee was the owner of the scales and entitled to the possession thereof, and that they

were of the value of $150, and (2) that appellee was entitled to recover costs.

After motion for a new trial which was overruled, there was a judgment for appellee. The errors relied upon for reversal are: (1) The error of the court in its first conclusion of law, (2) the error of the court in its second conclusion of law, (3) the error of the court in overruling the motion for a new trial.

Appellant contends that the scales were fixtures and therefore real estate and not personal property. Ordinarily this may be true. There are decisions

1. that farm scales placed upon real estate for agricultural purposes, in the absence of notice, passed by conveyance of the real estate to the vendee. But conceding that, in the absence of agreement or intention of the parties concerned, the scales were real estate, we are wholly unable to understand how appellant can present this question. It may be conceded that an heir, under some circumstances, could present the question as to the right of the administratrix to depreciate the value of the real estate by severing any fixture therefrom, and selling it as personal property. *Carter* v. *Lee* (1875), 51 Ind. 292. But under the facts in this case, appellant cannot be heard to raise such a question. Before the court's order to sell the real estate it made the order to sell the scales as personal property. For the purpose of carrying out such order the administratrix, at the time of the sale of the real estate, announced in the presence and hearing of appellant, that the scales were not being offered for sale with the real estate, and that they could be purchased by separate contract. The heirs are not contesting the right to make the announcement, and appellant understanding that the administratrix in charge of the sale of the real estate was treating the scales as personal property, at the time of the purchase so treated them himself, and

has ever since so treated them as expressly found by the court. Under these facts, there has been no time when appellant could question as to whether the scales were personal property or real estate.

Appellant contends that it was error to permit parol evidence that the scales were reserved by the adminis-tratrix at the time that she sold the real estate 2. to appellant. The rule is otherwise. *Pea* v. *Pea* (1871), 35 Ind. 387; *Frederick* v. *Devol* (1860), 15 Ind. 357; *Harvey* v. *Million* (1879), 67 Ind. 90.

The judgment is affirmed.

Dausman, J., dissents.