STATE EX REL. PARKER *v.* VOSLOH, JUDGE.

[No. 27,996. Filed May 10, 1944.]

*William L. Slinkard,* of Bloomfield, for appellant.

*Will R. Vosloh,* of Bloomfield, and *Kern A. Beasley,* of Linton, for appellee.

FANSLER, C. J.—This is an original action.. The relator, is executor of the last will and testament of Virginia Parker. It is alleged in the petition, and conceded in the response, that the respondent, the regular Judge of the Greene Circuit Court, is the grandson of Virginia Parker, and that his mother is a daughter of Virginia Parker and her heir and a beneficiary under her will, and that he is indebted to the estate. After

the will was probated and the relator had qualified as executor, the relator filed with the court presided over by the respondent judge an affidavit alleging that the respondent judge is a grandson of the deceased and a debtor of the estate and is incompetent to administer said estate, and that the executor desires the selection. of another and disinterested judge, and asking the court to select the names of three competent persons from which to select a judge. This motion was overruled.

"It is an ancient maxim of the law that no man ought to be a judge in his own cause, a maxim which appeals with such force to one's sense of justice that it is said by Lord Coke to be a natural right so inflexible that an act of Parliament seeking to subvert it would be declared void; and since a case wherein a judge is interested is one wherein, to an extent and in effect, the case becomes his own, it has been held, accordingly, from the earliest times that a judge is disqualified from acting in a cause in which he has an interest. This rule is embodied in the Constitutions and statutes of many of the states which expressly provide that judges shall not sit in cases in which they are interested. It is not competent for the legislature, even, without the aid of some constitutional provision, to permit a judge who is interested to sit at the trial of a cause, and a statute authorizing him to do so is unconstitutional and void as a denial of due process of law." 30 Am. Jur., § 56, pp. 771, 772. The rule of disqualification is applicable in probate matters. See 30 Am. Jur., § 67, p. 778. And it has been generally, if not always, held that a judge who is a debtor of an estate is interested and disqualified. *Gay v. Minot, et al., Ex'rs.* (1849), 3 Cush. [57 Mass.] 352; 21 L. R. A. 150 (Note) ; Am. Ann. Cas. 1912C, 1167; 33 C. J. § 144, p. 997. It seems never to have been

doubted that a judge who is interested is disqualified; the cases being concerned only with the question of what constitutes interest. In the cases above referred to it was held that a judge who was a debtor or creditor of an estate was not qualified to preside in the probate court to admit a will to probate. Family relationship has been considered a basis for disqualification, and, since the earliest times, we have had a statute in this state fixing the relationship which will disqualify. It is as follows: "When a person is required to be disinterested or indifferent in acting on any question or matter affecting other parties, consanguinity or affinity within the sixth degree, inclusive, by the civil law rules, or within the degree of second cousin, inclusive, shall be deemed to disqualify such person from acting, except by consent of parties." Section 1-201, Burns' 1933, § 5, Baldwin's 1934. Under this statute it has been repeatedly held that jurors and administrative officers who are related within the degrees indicated are disqualified. See *Trullinger* v. *Webb* (1851), 3 Ind. 198; *Dearmond et al.* v. *Dearmond* (1858), 10 Ind. 191; *High* v. *Big Creek Ditching Ass'n* (1873), 44 Ind. 356; *Hudspeth et al.* v. *Herston* (1878), 64 Ind. 133; *Markley, Surveyor* v. *Rudy et al.* (1888), 115 Ind. 533, 536, 18 N. E. 50, 52. In the latter case it is said: "It is a fundamental rule in the administration of justice that no person can be judge in a cause in which he is interested. This rule applies to inferior tribunals, as well as to courts of general and appellate jurisdiction. This elementary principle has been so long and so universally recognized that it has become an accepted legal maxim."

The respondent contends that the motion is for a change of judge under § 2-1403, Burns' 1933,

§ 3024, Baldwin's 1934, and that, since there is no adversary action, proceeding, or matter pending, the statute does not apply, and that therefore he cannot be divested of the right to preside. But the statute merely implements and perhaps extends; it does not create, nor can it curtail, the right to have judicial functions performed by disinterested judges.

There is a public interest in the administration of decedents' estates. The supervision of their settlement has been committed to the courts. This contemplates disinterested judicial supervision. Executors and administrators are but officers of the court. Their actions are subject to direction and approval by the court. Many of the steps in the administration of estates are taken *ex parte,* and in these the discretion of the court is exercised by the presiding judge. The welfare of the judicial system requires that judges be disinterested even when acting *ex parte.* The respondent is interested both by relationship and as a debtor. What conflicts of interest may or will arise in the *ex parte* proceedings in the administration of the estate we need not inquire. His disqualification cannot be made to await an event which will disclose his partiality. The appointment of a judge entirely disinterested will avoid doubts and insure impartiality.

The respondent questions our jurisdiction to act in the premises, since the proceeding is not in aid of our appellate jurisdiction. The case comes clearly within our well-settled statutory jurisdiction. *State ex rel. Price* v. *Weir, Judge.* (1936), 210 Ind. 606, 4 N. E. (2d) 553; *State ex rel. Spencer, Pros. Atty.,* v. *Baker, Judge* (1937), 212 Ind. 44, 7 N. E. (2d) 984; *State ex rel. Block* v. *Superior Court of Marion County, et al.* (1943), 221 Ind. 228, 47 N. E. (2d) 139.

It is ordered that the respondent discontinue exercising jurisdiction as Judge of the Greene Circuit Court, in the matter of the administration of the estate of Virginia Parker, deceased, and that he cause a competent, disinterested person to be appointed as special judge of said court for the purpose of supervising the administration of said estate.

NOTE.—Reported in 54 N. E. (2d) 650.