## RINKER *v.* SHARP.

*Indebitatus assumpsit* for the price of land sold and conveyed. Plea, the general issue. The facts proved were as follows: In consequence of an agreement between the parties, the plaintiff conveyed to the defendant a tract of land valued at 1,800 dollars, for the price of which this suit was brought; and the defendant, in exchange for said land, gave the plaintiff a bond for a conveyance of a certain quarter section of land valued at 800 dollars, and also paid or secured to him 1,000 dollars. The conveyance of the quarter section of land, which was situate in a distant part of the state, and which the plaintiff had never seen, was made within the time limited for its execution by the title-bond; but the deed omitted to state the number of the range in which the land was situate, of which omission both parties were then ignorant. The plaintiff discovering afterwards that the defendant had misrepresented, at the time of the contract, the location and quality of the quarter section of land, demanded of him its estimated value, viz. 800 dollars—offering to return the deed for the same. The defendant refused to receive the deed or pay the money, but offered to correct the mistake in the description of the land.

*Held*, that the evidence did not sustain the action.

Nov. Term,
1839.

RINKER
v.
SHARP.

Tuesday,
November 19.

ERROR to the *Henry* Circuit Court.

DEWEY, J.—*Indebitatus assumpsit* by *Sharp* against *Rinker* for the price of land sold and conveyed; plea, general issue; cause tried by the Court.

It appeared in evidence that the plaintiff and defendant, in *October*, 1837, made a contract for the exchange of lands, in consequence of which the former conveyed to the latter a tract of land, situated in *Henry* county, at the estimated value of 1,800 dollars, being the same for the price of which this action is brought. The defendant executed his bond to convey to the plaintiff a quarter section of land, (which it was afterwards ascertained lies in *Huntington* county,) at the estimated value of 800 dollars, on or before *January* the first then next, and paid or secured to him 1,000 dollars in money. Before the designated time, the defendant conveyed to the plaintiff the land which he was bound to convey and lifted his bond. There was a mistake in the deed as to the description of the land, (the number of the range being omitted,) of which both parties were ignorant at the time. There was also evidence, that at the time of making the contract, which took place in *Henry* county, the defendant made representations to the plaintiff respecting the location and quality of the land which he afterwards conveyed to him, which were not true; that, at the time the plaintiff received the conveyance of this land, he had never seen it; that afterwards, and before the commencement of this suit, having in the mean time examined it, and finding it did not answer the defendant's description, he offered to return the deed to him, and demanded the estimated value of the land, 800 dollars, in money. The defendant refused to receive the deed, or to pay the money. The mistake in the description was at this time known, and the defendant offered to correct it. Upon this evidence the Circuit Court sustained the action, and rendered judgment for 600 dollars for the plaintiff.

One ground assumed by the defendant in error to sustain the judgment of the Circuit Court is, that in consequence of the untrue representations of the other party as to the location and quality of the land received by the former in

Nov. Term, 1839.

Rinker v. Sharp.

exchange, he had a right to rescind that part of the contract under which he so received the land, and recover its estimated value in money; and he further contends that by the tender of the deed to the defendant below, he effected that partial rescission.

We cannot sanction this view of the case.. It is true there may be such fraud practised by a vendor in the sale of land, as to entitle the vendee to rescind the whole contract. But we are not acquainted with any principle of law, which authorizes one of the parties to a contract to insist upon the benefit of that part of it which pleases him, and to rescind another portion of it which he considers disadvantageous. Such authority would be the power to alter, not to abrogate a contract. However, if this matter were otherwise, the defendant in error did not rescind any part of the contract by tendering the deed back to his adversary. The cancelling a deed by which land has been conveyed by the mutual consent of the parties, or returning it by the vendee to the vendor, does not effect a re-conveyance of the property; for that purpose a deed executed by the vendee is requisite under the statute of frauds. 3 Cruise's Dig. 369.—*Jackson* d. *Simmons et al.* v. *Chase*, 2 Johns. 84.—*Doe* d. *Beanland* v. *Hirst*, 3 Stark. Rep. 60.—*Roe* d. *Berkeley* v. *York*, 6 East, 86. It is evident from these premises, that this action of assumpsit for the price of the land conveyed by the plaintiff below to the defendant, cannot be sustained on the ground that a part of the contract between them has been annulled.

The defendant in error also contends, admitting the contract not to be rescinded, that the action should be supported on the ground, that the defendant below did not convey to the plaintiff such land as he represented that to be which he bound himself to convey, and that, therefore, he has never performed his agreement. If such were the fact, it is difficult to conceive how that matter can sustain the promise laid in this declaration, which is for the payment of money and not for the conveyance of land. The record shows that there is no pretence for contending that the defendant below did not perform his contract. He conveyed to the plaintiff the quarter section which by his bond he was obligated to convey, and the conveyance was received as a performance on his part of the contract.

Nov. Term,
1839.

If the defendant below made material representations respecting the quality or location of the land, which induced the plaintiff to make the bargain, and which were untrue, that is another matter, and may, perhaps, be a good cause of action for such injury as it caused.

The mistake in the deed can be rectified by the parties, or before the proper tribunal; it has no bearing upon the merits of this cause. We think the Circuit Court misconceived the force of the evidence.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the issue set aside, with costs. Cause remanded, &c.

*J. Perry,* for the plaintiff.

*J. S. Newman* and *C. B. Smith,* for the defendant.