8b 320
f166 474

## CONNELLY v. DOE, on the Demise of SKELLY.

The defendant in ejectment may defeat the suit by proving the title to the premises to be in a third person.

The cancelling of a conveyance of real estate does not divest the grantee of his title.

Ejectment. The lessor claimed title to the premises as a purchaser at sheriff's sale. The defendant offered to prove that previously to the judgment under which the lessor purchased, the judgment-debtor had conveyed the premises to one *W.* who after said judgment surrendered and cancelled the deed, and consented to the grantor's conveyance of the premises to another. The deed to *W.* was not recorded, but the lessor purchased with notice of it. *Held*, that the evidence was admissible to prove that the title of the premises was in *W.*

*Wednesday, January 13, 1847.*

APPEAL from the *Owen* Circuit Court.

PERKINS, J.— Ejectment; trial by the Court upon the general issue, the usual consent rule being complied with, and a recovery by the plaintiff.

By a bill of exceptions containing the evidence, it appears that both parties derive title to the land in dispute through *Zachariah Beaman*—the appellee, by virtue of a sheriff's sale which took place on an execution upon a judgment rendered on the 27th of *September*, 1842, in the county where the land lies—the appellant, by virtue of a deed executed a short time after the rendition of said judgment, by said *Zachariah* to one *Jacob Beaman*, who, afterwards, conveyed to the appellant.

Upon the facts admitted in evidence, the judgment of the Court below appears to be right.

A second bill of exceptions shows that the defendant, at the proper time, during the trial in the Circuit Court, offered to prove that some six years prior to the rendition of the

judgment against said *Zachariah Beaman*, through the sale upon which the plaintiff below claimed title, the said *Zacha-* *riah* conveyed the land in question by a deed legally executed and acknowledged, but never recorded, to one *James Wallace*, who, at the time of the execution of said deed by *Zachariah Beaman* to *Jacob Beaman*, surrendered and cancelled the deed held by him from said *Zachariah*, and consented to the making of the deed by the latter to said *Jacob;* and that the lessor of the plaintiff had notice, at the time of his purchase at said sheriff's sale, of the prior deed from *Zachariah Beaman* to said *Wallace*. The Court refused to permit this evidence to be given, to which refusal the defendant below excepted, and the question in this Court is, whether the Circuit Court erred in excluding said evidence.

A plaintiff in ejectment must recover, if at all, upon the strength of his own title. A defendant, therefore, to protect his own possession, is permitted to show, in bar of the plaintiff's recovery, a subsisting outstanding title in a stranger, older than the title of the plaintiff's lessor. The deed which the defendant below offered to prove in this case, from *Zachariah Beaman* to *Wallace*, if it was executed, vested in the latter the title to the land in question; and this Court held in *Rinker* v. *Sharp*, 5 Blackf. 185, that the cancellation of a deed did not divest the title—a deed of conveyance being required to do that. Had the evidence, then, offered by the defendant been given, it would have shown an outstanding legal title in *Wallace*, older than that of the lessor of the plaintiff; and a subsisting one as to him, at least, towards whom *Wallace* had committed no fraud or other act estopping him from setting it up. We think the Court erred, therefore, in refusing to permit the evidence to be given.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. M. Hanna* and *C. P. Hester*, for the appellant.

*J. S. Watts*, for the appellee.