|    |    |
|----|----|
| 33 | 151 |
| 124 | 588 |

---

## Johnson and Others *v.* Cookerly.

CONTRACT.—*Fraud.*—*Rescission in Part.*—A. sold to B. a farm, valued in the transaction at $6,300, in part payment for which he took from B. certain western lands at $1,300, upon false and fraudulent representations of B. as to their location, character, and value per acre. Pending the transaction, B. agreed with C. to exchange said farm for another owned by C.; and, at B.'s request, A. conveyed his said farm directly to C., who continued in possession thereof. Upon discovering the fraud, A. tendered to B. a conveyance of the western lands and demanded from him $1,300.

*Held,* in a suit by A. demanding a rescission of the contract so far as the western lands were concerned and judgment for $1,300, that he was not entitled to such rescission.

APPEAL from the Monroe Circuit Court.

FRAZER, J.—We are asked to consider the action of the court below in overruling demurrers to the first and second paragraphs of the complaint. We decline the examination of the question concerning the first paragraph, as there was no evidence to sustain it, and no finding against the appellant upon it. The business of this court is with such matters only as may have worked prejudice to the party assigning error.

By the second paragraph it was averred, that on the 10th of April, 1866, the plaintiff, Cookerly, and the defendant

Johnson entered into a contract, whereby the plaintiff sold to Johnson a farm in Monroe county for six thousand three hundred dollars; that in part payment of said sum, the plaintiff took of Johnson three hundred and ten acres of Missouri lands at thirteen hundred dollars, upon the false and fraudulent representations of Johnson that the Missouri lands were situate in Nodaway county, within five miles of the county seat, and within fifteen miles of a railroad, well watered and timbered, of rich soil, and worth in cash five dollars per acre; that the plaintiff was ignorant concerning the Missouri lands, which Johnson knew; that, in truth, the Missouri lands were not situated where Johnson stated they were, were poor and without water or timber, and worth only two dollars per acre; that immediately upon discovering the imposition, he tendered a conveyance of these lands to Johnson and demanded the thirteen hundred dollars. It was further averred, that the appellant Ragsdale was a partner with Johnson in the transaction, and that after the contract between the plaintiff and Johnson was agreed upon, but before it was consummated, Johnson and Ragsdale agreed with one May, to exchange the Monroe county farm aforesaid for another one owned by May, and the plaintiff by their direction conveyed the farm sold by him, directly to May, who still holds possession thereof. A rescission of the contract, so far as the Missouri lands are concerned, is sought, and judgment for thirteen hundred dollars and interest thereon. The question presented is, whether, upon the facts stated, the plaintiff was entitled to such rescission.

The agreement pleaded, to sell the farm at six thousand three hundred dollars and to take the Missouri lands in payment at thirteen hundred dollars, were but parts of one entire contract. There was no sale of the farm for six thousand three hundred dollars, cash, and then an independent contract to purchase the Missouri property at thirteen hundred dollars. The thing agreed upon was, the farm for the Missouri lands and five thousand dollars in cash; and this is

not affected by the fact that the value named of the farm was six thousand three hundred dollars and of the Missouri land thirteen hundred dollars. The substance of the matter would not be changed if the farm had been stated at ten thousand dollars and the other at five thousand dollars; for in both cases it would be the same farm for the same land and five thousand dollars in cash. It matters not to practical men, negotiating for an exchange of lands, what prices may be named for the property, if the difference in values can be agreed upon. A. has no objection to take B.'s property at ten thousand dollars, if B. will take A.'s for it at the same sum, though both know well that the prices named are ten fold the fair values. In such a case, it will not do to expect a court of equity to decide that B. really contracted to buy A.'s property for ten thousand dollars and to administer relief upon that basis.

It is a general rule, that a contract will not be rescinded in part, nor when the parties cannot be placed *in statu quo*, either strictly or substantially. This is so well understood that a reference to the cases cannot be necessary. There are, however, a very few cases in the reports where this rule has been relaxed. There is none, however, that we have been able to find, in which the party seeking to rescind did not surrender every benefit which the terms of the contract or its execution had conferred upon him, and, so far as he could, had restored the other party to his original condition, except the single case of *Daniel* v. *Mitchell*, 1 Story, 172, in which, however, the court was able substantially to restore the former status.

In *Shackelford* v. *Handley's Ex'rs*, 1 A. K. Marsh. 505, it was said, that it was "without the concurrence in act or will of the injured party" that the defendant alone had produced such a change in the state of affairs that the parties could not be put in their former condition and, indeed, stress was laid upon the fact that this was done for the fraudulent purpose of inflicting still further injury upon the plaintiff.

In *Masson* v. *Bovet*, 1 Denio, 69, the very transaction ac-

complished by the defendant, which was the ground upon which the rescission was based, rendered it at once impossible ever to put the parties as they were before the transaction.

But there is an objection to rescission in part in the case before us which is insuperable. The practical effect would be to make and execute a contract never made by the parties, and which upon the facts alleged it cannot be assumed they would have made, and, indeed, which we cannot know would be a fair contract. The real value of the farm sold is not alleged; but the effect of the judgment below is that the appellants must pay six thousand three hundred dollars for it, in money. This may work injustice to them and place the plaintiffs in a better condition than if the Missouri lands had been, in quality and location, everything that was represented of them. It must appear that injustice will not be done by rescission, else the court should stay its hand, especially where there is a remedy adequate and ample for all injury done by a suit to recover damages for the fraud.

In this case, the plaintiff is in court insisting upon a part of the contract as fixing the relief to be given upon the rescission of another part—demanding the full price named in the contract, in money, without any consideration as to the real cash value of the farm which he conveyed. If the sale of the farm for six thousand three hundred dollars had been one transaction, and the taking of the Missouri land at thirteen hundred dollars had been another, then the court should let the contract fix the measure of relief upon rescission; for then the sums named would have been fixed by the parties as actual values agreed upon, and not arbitrary estimates of no real importance in the opinion of either.

*Rinker* v. *Sharp*, 5 Blackf. 185, was very much like the case before us in an important particular. Lands were exchanged, estimated at eight hundred dollars and eighteen hundred dollars respectively, the difference, one thousand dollars, being paid in money. There were false representa-

tions concerning the eight hundred-dollar tract, and the suit was to recover the eight hundred dollars upon a rescission. Dewey, J., said, "we are not acquainted with any principle of law which authorizes one of the parties to a contract to insist upon the benefit of that part of it which pleases him, and to rescind another portion which he considers disadvantageous." So here, the plaintiff is not willing to give up so much of the contract as names values. It is not out of his power to surrender that much, at least, and to offer to take a fair price, or such sum in addition to the five thousand dollars cash received as would make a reasonable and just price for his farm. He claims thus a benefit from the very contract a part of which he seeks to rescind. We think that no case can be found in the books which will sustain him in this. *Gatling* v. *Newell*, 9 Ind. 572, is certainly against him.

There was, in our opinion, no case for rescission in the paragraph, or the special findings of the court (which were substantially the facts alleged in this paragraph), or in the evidence.

Reversed, with costs, and directions to sustain the demurrer and proceed according to this opinion.

*W. R. Harrison, W. S. Shirley, G. A. Buskirk,* and *J. S. S. Hunter,* for appellants.

*S. H. Buskirk, J. Hughes,* and *J. H. Harvey,* for appellee.