No. 8702.

NYE *v.* LOWRY ET AL.

WITNESS.—*Parties.—Contract with Ancestor Concerning Land.—Cross Petition. —Partition.—*In an action for partition between heirs of a common ancestor, wherein one of the defendants files a cross petition, claiming the exclusive ownership of a part of the land, by virtue of a grant from the ancestor, he may call a co-defendant to the original petition as a witness to the execution of the grant. In respect to the cross petition, such co-defendant is an opposite party.

DEED.—*Execution.—Signature.—*It is not necessary that the grantor in a deed write his own signature, or make his mark. It may be done by another at his request, or he may adopt his name as written by another as his signature.

SAME.—*Delivery.—*If a deed be delivered by the grantor to A., for the benefit of B., it is a good delivery.

PRACTICE.—*Evidence Admitted Out of Order.—*It is in the discretion of the court to admit evidence out of its regular order.

From the Pulaski Circuit Court.

*J. C. Nye,* for appellant.

*G. Burson* and *W. Spangler,* for appellees.

WOODS, J.—The appellant brought into the circuit court her petition for partition, alleging that she and the appellees

were children of common ancestors, who had died intestate, the owners of the real estate described.

The defendants severed in their pleadings, as follows, to wit:

John D. Lowry, besides denying the petition, filed a cross complaint against the plaintiff and his co-defendants, claiming to be the sole owner of a specified part of the lands in question.

Malinda Burson and Robert Lowry denied the petition, and also filed a cross bill, wherein they claimed to be the sole owners, as tenants in common, of a certain other part of the lands described in the petition.

McDonald S. and James Lowry joined in a denial of the petition, and of the cross petitions of John D. Lowry and Malinda Burson and Robert Lowry, and filed a counter-claim, in which they claimed to be the sole owners, as tenants in common with each other, of certain other parts of the land in dispute.

The issues joined between the parties upon these pleadings were submitted to a jury, which returned verdicts for the defendants upon their respective cross complaints, and against the plaintiff upon the issues joined upon her petition.

Upon the trial, for the purpose of establishing the truth of their respective cross bills, the defendants Malinda Burson and Robert Lowry and John D. Lowry were permitted to show by their co-defendant McDonald S. Lowry, that certain deeds, made by their father and mother, or purporting to be so made, were delivered by the grantors in their lifetime to the witness for the use of the several grantees therein named.

The appellant insists that it was not competent for these defendants to call their co-defendant to testify for them against the plaintiff, and that the witness was incompetent to testify concerning occurrences prior to the death of the ancestor.

The objection to the competency of the witness is based on the following proviso of the act defining who may be witnesses:

"*And provided further*, That in all suits by or against heirs, founded on a contract with or demand against the ancestor,

the object of which is to obtain title to or possession of land or other property of such ancestor, or to reach or affect the same in any other way, neither party shall be allowed to testify as a witness to any matter which occurred prior to the death of such ancestor, unless required by the opposite party or by the court trying the cause." Act of March 11th, 1867, 2 R. S. 1876, p. 132.

Our opinion is that the court did not err in admitting the testimony complained of. In respect to the matter about which he was examined, the witness was an opposite party, and upon the theory of the appellant's complaint, had an opposite interest to those who called him.

In respect to his counter-claim, John D. Lowry was sole plaintiff, and all the other parties, including the witness, were defendants; so that for the purpose of showing the execution of the deed on which the counter-claim was based, the witness, by the very terms of the statute, was competent to be called by the opposite party. And for the purpose of proving the execution of the deed on which they based their counter-claim, it was for the same reason equally competent for Malinda Burson and Robert Lowry to call the same witness.

The witness also testified to the delivery of the deed under which he and his brother James claimed to own a part of the lands in question, and had the plaintiff objected separately to this part of the testimony or moved to strike it out, a more difficult or at least a different question would have been presented. No such objection or motion was made.

The further objection made to this testimony is on the ground that it was offered in rebuttal, when it ought to have been given, if at all, as original evidence.

If the objection were true in fact, it would afford no cause for reversing the judgment. It is in the discretion of the court to admit further evidence at any stage of the trial, giving the opposite party an opportunity to meet it; and if, therefore, any error can arise on account of admitting evidence out of the proper order, it must be for a manifest abuse of

discretion, or from the refusal of the court to give the opposite party a reasonable opportunity to refute such evidence. No such refusal, or abuse of discretion, is shown in this record.

The appellant further insists that the evidence does not show the execution of the deeds, under which the defendants claim to own, among them, the entire property. On this point the appellant requested an instruction which the court refused, to the effect that "If some one other than the grantors signed the names of the grantors to the deeds that have been read in evidence, and the grantors did not sign said deeds by making their marks thereto, the deeds were not duly executed, are void, and should not be considered as evidence in the case."

Counsel cites the provision of the statute that "Conveyances of land, or of any interest therein, shall be, by deed in writing, subscribed, sealed and duly acknowledged by the grantor, or by his attorney," and insists that the grantor must sign with his own hand, by making a mark at least, if not by writing the entire signature.

Besides the provision referred to by counsel, the ninth clause of the act in relation to the construction of statutes and the definition of terms, is as follows:

"The words 'written' and 'in writing' shall include printing, lithographing, or other mode of representing words and letters. But in all cases where the written signature of any person is required, the proper handwriting of such person or his mark shall be intended."

These statutes, when properly interpreted, do not, in our opinion, require us to adopt the conclusion contended for by the appellant. The capacity to make a deed may exist without the ability to handle or touch a pen. It is enough if the mark of the grantor be affixed, and this mark may be made by another at his request; and, this being so, it would be the extreme of absurdity to hold that the true name, written out in full by another at the grantor's request, would not be sufficient.

Nye *v.* Lowry *et al.*

In our opinion, the signature of the grantor in a deed, written by another at his request, or, though written without his knowledge, if adopted by him as his own, has the same validity as if written by his own hand—indeed, within the meaning of the law, it becomes his proper handwriting, and the deed so signed is of the same validity as if written by his own hand; and the deed so signed, acknowledged and delivered, if subject to no other vice, is in all respects effective. See *Reed* v. *Watson,* 27 Ind. 443; *Shank* v. *Butsch,* 28 Ind. 19. These cases are not fully in point, but throw some light on the subject.

Some question is also made as to what constitutes a delivery. " It is much a question for the jury in each particular case. A deed may be delivered by words without actions, and by actions without words. 7 Petersdorff, 660. It may be delivered without being actually handed over. Chit. Cont. 3. If once delivered, its retention by the grantor subsequently, does not divest the title of the grantee. *Connelly* v. *Doe,* 8 Blackf. 320." *Dearmond* v. *Dearmond,* 10 Ind. 191; *Burkholder* v. *Casad,* 47 Ind. 418; *Fewell* v. *Kessler,* 30 Ind. 195; *Taylor* v. *McClure,* 28 Ind. 39. See also *Fesler* v. *Simpson,* 58 Ind. 83, and cases cited.

The evidence tends strongly to show that the deeds in question were made for the purpose of effecting a family settlement, or distribution of the property of the ancestors among those of their children on whom they wished to bestow their bounty, or for whom they desired to provide, and were delivered to one of the grantees for the use of all.

The evidence also tended to show the mental capacity of the grantors at the time of making and delivering the deeds; and there is no respect in which there can be said to be such a want of evidence to support the verdict, as to authorize an interference by this court to set it aside.

Judgment affirmed, with costs.

Opinion filed at the November term, 1881.
Petition for a rehearing overruled at the May term, 1882.