### DOLPHIS POIRIER *vs.* THOMAS F. DESMOND.

Bristol.　　October 22, 1900. — November 28, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Mechanic's Lien — Contract of Contractor and Owner — Provision as to postponing Payment until all Claims are discharged.*

The contention in this case, which was a petition to establish a mechanic's lien brought by the contractor against the owner of the premises, that a provision in the contract postponing the final payment until thirty-two days after the work is entirely completed, and requiring payment only on sufficient evidence that all claims upon the building for work or materials are discharged, is inconsistent with the existence of the right on the part of the contractor to secure the payment of his dues by claiming a lien, cannot avail, as the purpose of the provision is to protect the owner from a liability under liens, after making full payment for the work and materials to the contractor, there being no reason for such a provision in reference to the claim of the contractor to be paid under the con-

tract, and, there being no other liens than his, payment to him of the amount due under the contract would leave the property free from all liens or claims, and accomplish the purpose of this provision.

PETITION, to enforce a mechanic's lien under Pub. Sts. c. 191. The case was submitted to the Superior Court, and, after the establishment of the lien, to this court, on appeal, upon agreed facts, in substance as follows.

The petitioner and the respondent entered into an agreement for labor and materials required to make certain changes and additions in and on the respondent's dwelling-house, situated upon a lot of land in New Bedford owned by the respondent, and into two supplementary agreements for further labor and materials for said building. The work and materials performed and furnished under the supplementary contracts were paid for, and the first and second instalments under the first contract were paid, and four dollars was paid on account of the third instalment under the first contract, and this petition is brought for the purpose of enforcing a lien for a balance of $571.40 due upon the last instalment of the first contract. The petitioner well and truly performed all his obligations under the first contract, and the work was finished on December 7, 1899 ; the lien statement was filed in the registry of deeds on December 29, 1899 ; and the petition was filed on February 16, 1900.

Under the provisions of the fifth paragraph of the first agreement, which is given in the opinion, the balance of the contract price was payable thirty-two days after the work was completed and accepted by the architect. It was contended by the respondent that by reason of this provision in the contract there was nothing due when the lien statement was filed. This was all the claim made by the respondent, and is the only question involved in the appeal. If the petitioner was entitled to maintain his lien, a decree was to be entered establishing the lien for $594.41 and costs ; otherwise, the petition was to be dismissed, with costs for the respondent.

*A. E. Perry*, for the respondent.

*W. C. Parker*, for the petitioner.

KNOWLTON, J. The respondent concedes that the petitioner can maintain his lien unless by his original contract in writing he waived his right to claim a lien, or estopped himself from

enforcing it. Among the stipulations for payment by the respondent were the following: " The said Desmond agrees to pay to the said Poirier, upon certificate of said architect that the terms of this contract are complied with, and upon sufficient evidence that all claims upon the building for work or materials up to the time of payment are discharged, the sum of fifteen hundred seventy-five and 40-100 dollars in manner following, namely: . . . Third. Thirty-two days after the work is entirely completed and accepted by the architect, he the said architect having signed a certificate to that effect, the balance, five hundred and seventy-five and 40-100 ($575.40) dollars, is to be paid. In case notice in writing is given to the said Desmond by any person furnishing stock or materials for the construction of the work under said contract, that they shall claim a lien for said stock and materials, no payment shall be made until such notice shall be revoked by the person serving the same."

It is contended that the provision postponing the final payment until thirty-two days after the work is entirely completed, and requiring payment only on sufficient evidence that all claims upon the building for work or materials are discharged, is inconsistent with the existence of a right on the part of the contractor to secure the payment of his dues by claiming a lien. But the purpose of this provision is manifest. It is to protect the respondent from a liability under liens, after making full payment for the work and materials to the contractor. There is no reason for such a provision in reference to the claim of the contractor to be paid under the contract. There being no other liens than his, payment to him of the amount due under the contract would leave the property free from all liens or claims, and accomplish the purpose of this provision. There is no reason for depriving the contractor of his right to secure the amount which the respondent, by the contract, agrees to pay him, and, without something plainly looking to such an object, he cannot be cut off from the right given him by the statute.

*Exceptions overruled.*