JOSEPH E. GIROUARD *vs.* JACOB JASPER & another.

Worcester.   September 29, 1914. — November 16, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Mechanic's Lien.   Contract,* Rescission.   *Waiver.*

A contractor made a contract in writing to perform and furnish certain labor
and materials for a building.  The contract provided that "the balance, namely,
$3,500 is to be paid to the said contractor after the owner has secured on said
property first and second mortgages, but said payment of the balance shall
not be made later than six months from date of the completion of the work."
At the time of the making of the contract the owner fraudulently concealed
from the contractor the existence of mortgages on the property.  After the
contractor "had got the work pretty well along" he discovered the existence
of mortgages on the property, but, instead of rescinding his contract, he pro-
ceeded to complete it without objection.  Two days after the completion of
the work he filed a statement of lien founded on his alleged full performance
of the contract.  On a petition to enforce his alleged mechanic's lien, it was
*held,* that the petitioner, having completed the contract after knowledge of the
fraudulent concealment of the mortgages, waived the fraud and was bound by
the terms of the contract, and could not establish any lien because by the
terms of the contract he had agreed to give credit for more than thirty
days after the completion of the work.

PETITION, filed on November 29, 1912, and amended as of
December 18, 1913, to enforce a mechanic's lien for labor and
materials performed and furnished in the erection of buildings
on land of the respondent Jasper on Green Street in Worcester.

In the Superior Court the case was tried before *Dana,* J.  The
course of the trial is described in the opinion.  The rulings re-
ferred to in the last paragraph of the opinion, which were re-
quested by the respondent after the findings of the jury, were as
follows:

"1.   There was no evidence in this case to show that the
petitioner rescinded the contract, after he discovered fraud on
the part of the respondent.

"2.   The petitioner could not rescind the provision for the time
of payment in the contract, without rescinding the whole con-
tract.

"3.   The petitioner, having done work under the contract
after he discovered fraud practised by the respondent, thereby

affirmed and accepted all the terms and conditions of the contract, and is bound thereby.

"4. By the terms of the contract of May 11, the petitioner waived any right of lien for work done under said contract.

"5. The evidence in this case did not disclose any rescission of the contract of May 11, and the plaintiff is not entitled to maintain any lien for work done or materials furnished under said contract."

"7. Under the answers to the questions submitted to the jury, no right [*sic*] for the establishment of a lien, as asked for in the petitioner's complaint, should be made.

"8. Upon all the evidence, together with the answers of the jury to the questions propounded, no order for a lien in favor of the petitioner can be made which includes the amount claimed under the contract dated May 11."

The judge refused to make any of these rulings on the ground that they were immaterial or incorrect. He found upon the answers of the jury that the petitioner had established his lien in the sum of $4,440.77. The respondent alleged exceptions.

*R. B. Dodge,* (*S. G. Friedman* with him,) for the respondents, contended, among other things, that the petitioner by making the contract of May 11, 1912, waived the right to claim a lien by agreeing to give credit for more than thirty days after the last work should be done, and that it was not open to the petitioner to avoid this waiver by any alleged fraudulent concealment on the part of the respondent Jasper.

*M. M. Taylor,* (*E. T. Esty & M. C. Taylor* with him,) for the petitioner, contended, among other things, that the petitioner could avoid the alleged waiver of lien because he had been induced to make it by fraudulent concealment on the part of the respondent Jasper.

CROSBY, J. This is a petition to enforce a mechanic's lien for labor performed and materials furnished. The evidence shows that the petitioner and the respondent Jasper entered into four contracts, of which two were in writing and two were oral. The work upon all these contracts was carried on concurrently. The claim for a lien is based upon one of the written contracts, which is dated May 11, 1912.

After the finding of the jury upon the issues submitted, the respondent made certain requests for rulings which were refused

and the respondent excepted. The judge upon the answers of the jury determined that the petitioner had established his lien for the amount claimed by him, and the respondent excepted.

The evidence shows that the petitioner did not learn of the existence of the three mortgages upon the property until after the contract was partially completed. He testified that "he first learned that, after he had got the work pretty well along, at the last end of it." After the petitioner learned of the existence of the mortgages, it is not disputed that he continued to furnish labor and material in the performance of the contract without objection and without any attempt on his part to rescind or abandon the contract. To enforce the lien filed by him in this case, the petitioner declares upon the contract and alleges full performance of all its stipulations on his part to be performed. It therefore appears that the petitioner bases his claim for a lien upon the complete performance of an entire contract. The contract provides that "the balance, namely, thirty-five hundred (3,500) dollars is to be paid to the said contractor after the owner has secured on said property first and second mortgages, but said payment of the balance due shall not be made later than six months from date of the completion of the work." This provision in the contract is absolute in its terms and is binding upon the petitioner. If we assume that the jury were warranted in finding, as they did find, that the respondent Jasper was guilty of fraudulent concealment and false representations relative to the existence of mortgages on the property when the contract was entered into, yet it appears that the petitioner, after he had discovered the facts and was informed of the mortgages outstanding, proceeded to complete the contract without objection, and now relies upon it as the foundation of his claim for lien in this proceeding. The respondent contends that although the jury found that fraud was practiced upon the petitioner by the respondent, yet the petitioner, having failed to rescind the contract, and having completed it after knowledge of the fraud, has waived the fraud and is bound by its terms. It is plain that if a party to a contract seeks to avoid it by reason of the fraud or failure of the other party to comply with its terms, he cannot rescind it as to some of its provisions and rely upon it as to others. In order that this lien may be maintained, it must appear that the peti-

tioner has substantially performed his part of the contract, and it must appear further that there is nothing in the contract itself which will prevent the establishment of the lien. *Ellenwood* v. *Burgess,* 144 Mass. 534. *Osborne* v. *Barnes,* 179 Mass. 597. The provision as to payment of the balance due is without ambiguity and clearly indicates that the balance due on the contract shall not be payable until after the owner has secured first and second mortgages on the property, and that such balance shall be payable not later than six months from the date of the completion of the work. The evidence shows that when the statement of lien was filed the respondent Jasper had not secured first and second mortgages on the property, and that six months had not elapsed from the date of the completion of the work. The statement of lien was filed on November 21, 1912, two days after the completion of the work. The petitioner does not contend that he was fraudulently induced to enter into this provision of the contract, and, as he has waived the fraud (if any existed) relative to the existence of the mortgages, he is bound by all its terms. If he was induced to make the contract by reason of the fraudulent representations of Jasper, on discovery thereof he could have rescinded it as a whole and have brought an action at law for its breach, or he might have brought an action declaring upon a *quantum meruit* for the value of the labor and materials furnished, or he could have availed himself of the remedy provided for the enforcement of a mechanic's lien to recover for the value of the labor and materials furnished. *Burke* v. *Coyne,* 188 Mass. 401. *Eastern Expanded Metal Co.* v. *Webb Granite & Construction Co.* 195 Mass. 356.

The case of *Poirier* v. *Desmond,* 177 Mass. 201, relied on by the petitioner, was a case, where under the contract the last payment was to be made thirty-two days after the work was entirely completed and accepted by the architect, with a further provision that in case of other claims for liens no payment should be made until such claims were discharged. This court held in that case that the purpose of the provision was to protect the respondent from liability under liens after making full payment to the contractor; that there was no reason for such a provision in reference to the claim of the contractor, and therefore that the latter could maintain a lien.

The provision of the contract in question in this case has no reference to other claimants, or to the protection of the respondent from claims filed by them, but clearly refers to payments to be made to the petitioner. Besides there is another provision of the contract which expressly provides that the owner shall have the right to retain out of any payment an amount sufficient to indemnify him against any lien or claim for which he might be liable. It is plain in the case at bar that the petitioner had no right to maintain a lien when the statement was filed by him.

It follows that the first, second, third, fourth, fifth, seventh and eighth rulings requested by the respondent after the finding by the jury should have been given. Accordingly the entry must be

*Exceptions sustained; petition dismissed.*