(March 29, 1918.)

JAMES C. BERNARD and C. R. BERNARD, Appellants,
v. HARRY L. FISHER, A. E. WILSON, and WILSON
IRRIGATION COMPANY, a Corporation, Respondents.

[177 Pac. 762.]

MECHANICS' LIENS—CONTRACTS—RESCISSION—ENFORCEMENT.

A party to a contract, the provisions of which are not separable,
cannot avail himself of, and benefit by, some portions of it and re-
pudiate others, nor can he rescind some parts of it and enforce others.
It must be nullified *in toto* or not at all. Having elected to sue upon
certain of its terms, he is bound by all of them.

[As to right to keep contract alive, see note in 33 Am. St. 796.]

APPEAL from the District Court of the Third Judicial
District, for Ada County. Hon. Carl A. Davis, Judge.

Suit to foreclose lien. Judgment for defendants.
*Affirmed.*°

Richards & Haga, McKeen F. Morrow and Ira E. Barber,
for Appellants, cite no authorities on point decided.

H. L. Fisher and E. J. Dockery, for Respondents.

A contract cannot be rescinded in part and enforced in
part. (*Caldwell v. Ruddy*, 2 Ida. 1, 7, 1 Pac. 339; *Girouard
v. Jasper*, 219 Mass. 318, 320, 106 N. E. 849, 850; *Osterling v.
Cape May Hotel Co.*, 82 N. J. L. 650, 83 Atl. 887; *Johnson v.
Cookerly*, 33 Ind. 151, 154; *Menard v. Sydnor*, 29 Tex. 257,
262; *Collison v. Ream*, 95 Neb. 29, 38, 144 N. W. 1050, 1053;
*Hendricks v. Goodrich*, 15 Wis. 679, 681; *Grant v. Law*, 29
Wis. 99, 103; *Barhydt v. Clark*, 12 Ill. App. 646, 649; *Cole v.
Smith*, 26 Colo. 506, 511, 58 Pac. 1086, 1087; *Krag-Reynolds
Co. v. Oder*, 21 Ind. App. 333, 336, 52 N. E. 458, 459; *Stevens
v. Pierce*, 151 Mass. 207, 23 N. E. 1006; *Babcock v. Farwell*,
245 Ill. 14, 137 Am. St. 284, 301, 19 Ann. Cas. 74, 91 N. E.

683, 692; *Anderson v. Chicago Trust & Savings Bank,* 195 Ill. 341, 352, 63 N. E. 203, 207; *Hayward v. Wemple,* 152 App. Div. 195, 136 N. Y. Sup. 625, 627; *Blakeslee v. Holt,* 42 Conn. 226, 229; *Fay v. Oliver,* 20 Vt. 118, 122, 49 Am. Dec. 764, 768; *Kimball v. Lincoln,* 7 Ill. App. 470, 473; *Lovingston v. Short,* 77 Ill. 587, 591; *King v. Mason,* 42 Ill. 223, 224, 89 Am. Dec. 426; *Timmerman v. Stanley,* 123 Ga. 850, 51 S. E. 760, 761, 1 L. R. A., N. S., 379, 381.)

Even if plaintiffs in this case had been willing to forego the parts of this contract to their liking, and had attempted to rescind on the ground of fraud, they would have been estopped from so doing, even if actual fraud had been proven, because they ratified and affirmed the contract by continued use of and dealing with the property and acting under the contract, after knowledge of all the facts. (Sec. 4201, Rev. Codes; *Lockwood v. Fitts,* 90 Ala. 150, 7 So. 467; *Meyer v. Henderson,* 49 La. Ann. 1547, 16 So. 729; *Parsons v. McKinley,* 56 Minn. 464, 57 N. W. 1134; *Georgia Pac. Ry. Co. v. Brooks,* 66 Miss. 583, 6 So. 467; *Bach v. Tuch,* 126 N. Y. 53, 26 N. E. 1019; *Paine v. Harrison,* 38 Minn. 346, 37 N. W. 588; *Wheeler v. Dunn,* 13 Colo. 428, 22 Pac. 827; *Wolcott v. Heath,* 78 Ill. 433.)

MORGAN, J.—This action was commenced by appellants to foreclose a lien for work performed and materials furnished in the construction of an irrigation system. It was alleged in the complaint that a contract was entered into, on September 10, 1912, between appellants and respondents, Fisher and Wilson, which was, by mutual consent, amended and supplemented on November 22, 1912, and thereafter by other contracts and agreements, whereby appellants were to be paid certain specified sums of money for performing labor and furnishing materials employed and used in the construction of the system; that they proceeded under the contracts and employment, performed the work and furnished the materials as therein provided, amounting, according to the terms thereof, to $18,728.67, and that no part of the same had

been paid except $6,500. Judgment for the balance was demanded and foreclosure of the lien prayed for.

Respondents, Fisher and Wilson, answered separately and alleged that the work and materials were performed and furnished under the contract of November 22, 1912, and that the amount which became due therefor was $8,157.89, and no more; that by the terms of the contract appellants agreed to accept as payment, and that they had been paid, therefor by the assignment of and delivery to them, on November 22, 1912, a certain real estate mortgage for the sum of $4,000, made by one Carl E. Bachman and by delivery of water to them, according to the terms of the contract, of the agreed value of $6,000. A number of counterclaims and cross-complaints were filed with the answer, among them being one for $500 for money alleged to have been loaned by respondents, Fisher and Wilson, to appellants, which was allowed by the court. The other grounds of cross-complaint and counterclaim were either abandoned or disallowed and will not be discussed.

The court found that appellants performed work and furnished materials to the amount of $8,244.76, according to the prices fixed in the contract, which had been paid in the manner and form therein provided for, and rendered judgment that they take nothing by their action and that respondents, Fisher and Wilson, recover from them the sum of $500, mentioned in the counterclaim above referred to, together with interest thereon and costs. This appeal is from the judgment.

The record discloses that the parties attempted to enter into a contract on September 10, 1912, which was never fully consummated; that subsequent thereto negotiations were had between them which resulted in the contract of November 22, 1912, in which the attempted contract of September 10th, and the subsequent negotiations were merged. It appears that a portion of the work of constructing the system which, according to the terms of the attempted contract of September 10th, was to have been undertaken by appellants, was excluded from that of November 22d, and was performed by one Keith, under a contract which he entered into with Fisher and Wil-

son. Appellants included the amount earned by Keith in their claim that $18,728.67 was originally due to them and the credit of $6,500 allowed respondents in the complaint was made up of the value of water rights received by him in payment for his work and the $500 mentioned in the counterclaim. In addition to the amount earned by Keith, and paid to him as above stated, appellants contended they were entitled to compensation amounting to $1,596.93 arising from the performance of his contract, which was included in the balance they claimed to be due to them. This contention was not sustained by the evidence and was properly disallowed by the trial court.

The contract of November 22d, contained the following provision: "Said second parties [appellants] agree to accept in payment of moneys due for said excavation, concrete, flume and bridge work, water rights in said irrigation system, stipulated and specified in the water contracts for said irrigation system at the rate of $25.00 per 1/100 second-foot of water to the extent of six thousand ($6,000.00) Dollars and the assignment of a mortgage, dated Nov. 4th, 1912, made and executed by Carl E. Bachman to Harry L. Fisher and Albert E. Wilson upon the SW.¼ of the NE.¼ and the W.½ of the SE.¼ and the SE.¼ of the SE.¼ Sec. 18, Tp. 1 S. R. 2 W. for Four Thousand Dollars ($4,000.00)."

The evidence shows appellants received the mortgage and certain promissory notes, mentioned therein as being secured thereby; that they received and used the water mentioned in the contract and had been offered, prior to the commencement of the action, and were tendered, at the trial, stock in an irrigation company the members of which are the owners of land to be watered by the system, organized for the purposes of taking it over and owning it.

Efforts were made at the trial to show that Bachman, who gave the mortgage, did not own the land therein described and that the irrigation system was not constructed in accordance with the water contracts above mentioned; also that the water rights, evidenced by the shares of stock, were not such as it had been agreed between the parties appellants should receive. Such evidence was properly excluded.

It will be noted that while, by the portion of the contract quoted above, appellants bound themselves to receive water rights and the assignment of the mortgage referred to therein as payment, respondents had the option to pay cash or to make payment in the other manner therein specified. They exercised their option by delivering water and tendering water rights and by the execution and delivery of an assignment of the mortgage as payment in full. Appellants do not seek to rescind the contract *in toto* and to recover the reasonable value of their services and materials. They do not allege they were induced by fraud, misrepresentation or mistake to accept the water rights and mortgage in ignorance of their real character, nor do they, having failed to return the property delivered to them, or to allege any reason for their failure so to do, sue for the damage resulting from the difference between that which they received and that which they contend they were entitled to. Having retained this property, they must be held to have received it in full payment of the amount due them under the contract, and cannot be heard to say they accepted it in partial payment or on account. They attempted, in this action, to avail themselves of the portion of the contract which fixes the amount of their compensation and they cannot repudiate, but must be held to be bound by, the provisions thereof which gave respondents an option to pay with water rights and a mortgage instead of money. (*Caldwell v. Ruddy,* 2 Ida. 1, 1 Pac. 339; *Girouard v. Jasper,* 219 Mass. 318, 106 N. E. 849; *Pierce v. Marple,* 148 Pa. St. 69, 33 Am. St. 808, 23 Atl. 1008; *Osterling v. Cape May Hotel Co.,* 82 N. J. L. 650, 83 Atl. 887; *Johnson v. Cookerly,* 33 Ind. 151; *Cole v. Smith,* 26 Colo. 506, 58 Pac. 1086.)

Certain other points are discussed in appellants' brief, but we find them to be without merit.

The judgment is affirmed. Costs are awarded to respondents.

Rice, J., concurs.

Budge, C. J., sat at the hearing, but took no part in the opinion.

ON REHEARING.

(January 23, 1919.)

MORGAN, C. J.—In this case a rehearing was granted, arguments have been submitted, and the matter has been again considered by the court, with the result that the decision heretofore rendered is adhered to.

Rice, J., concurs.

Budge, J., did not participate in the former opinion nor in this one.