ANCIENT ORDER OF GLEANERS *v.* ZELUFF.

Insurance—Change of Beneficiary—Signature of Insured—
Adoption of Signature.

> Where insured obtained from local secretary of mutual benefit
> association blank application for change of beneficiary, and
> later returned it to secretary and her husband, stating that
> she had signed it, and they both signed as witnesses thereto,
> if signature was not that of insured her action constituted
> adoption of it as her own, and gave it same force and effect
> as if written by her own hand.

Appeal from Lenawee; Rathbun (G. Arthur), J.
Submitted January 9, 1931. (Docket No. 70, Calendar No. 35,407.) Decided February 27, 1931.

Bill of interpleader by Ancient Order of Gleaners,
a Michigan corporation, against Leo Zeluff and Celia
La Bounty to determine rights of defendants to a
matured benefit certificate. From decree dividing
fund, defendant Zeluff appeals. Reversed.

*L. L. Watkins,* for appellant.

*Wood & Williams,* for appellee.

Sharpe, J. Anna Zeluff, the mother of the defendants, Leo Zeluff and Celia LaBounty, was the
holder of a benefit certificate in the Ancient Order
of Gleaners on July 22, 1929, in which the defendants were named as beneficiaries. She stated to
Martha Lowe, the secretary of the local Arbor at
Ridgeway, that she desired to change the beneficiary.
On the above date, Mrs. Lowe furnished her with a
blank application for that purpose. She took it into

a nearby store, and brought it out with her name signed to it and handed it to Mrs. Lowe, who, with her husband, was sitting in an automobile, and told them she had signed it, and both of them signed as witnesses thereto. In it she requested the change of beneficiary from the son and daughter to the son alone. When she first spoke to Mrs. Lowe about the change, she delivered her certificate to her, and Mrs. Lowe then sent the certificate and application to the company, and the change of beneficiary was then made by the officers of the company.

Anna Zeluff passed away on the 31st day of August, 1929. The daughter making claim to an undivided one-half of the money payable on the certificate, the plaintiff filed the bill of interpleader herein, and asked to have their respective rights thereto determined. The testimony submitted was as noted above.

The trial court, after comparing the signature of the deceased with others, said to be written by her, although no proof thereof appears in the record, was of the opinion that the signature on the application was not that of deceased, and ordered the fund to be equally divided between the two defendants.

The testimony of Mr. and Mrs. Lowe is in no way disputed. If the signature was not that of deceased, her act in taking the application into the store, bringing it to Mrs. Lowe, and stating to her and her husband that the signature thereon was hers, was an adoption of it as her own and gave it the same force and effect as if written in her own hand.

"In our opinion, the signature of the grantor in a deed, written by another at his request, or, though written without his knowledge, if adopted by him as his own, has the same validity as if written by his own hand." *Nye* v. *Lowry,* 82 Ind. 316, 320.

In our opinion there was a valid change of beneficiaries from that of the son and daughter to the son alone. The decree entered will be reversed and set aside, with costs against the defendant Celia LaBounty, and one may be here entered, finding that the son, Leo Zeluff, is the sole beneficiary, and ordering the proceeds of the certificate now in the hands of the clerk of the court to be paid to him.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.