STATE EX REL. AVALON APARTMENTS COMPANY OF GARY, INC. *v.* SAMMONS, SPECIAL JUDGE, ET AL.

[No. 27,653. Filed January 21, 1942. Cause dismissed June 29, 1942.]

*John W. Lyddick,* of Gary, for relator.

*Gavit & Richardson,* of Gary, and *Hume L. Sammons,* of Kentland, for respondents.

PER CURIAM.—From the verified pleadings in this case it appears that receivership proceedings pending before respondent George F. Sammons as special judge had reached the stage when allowance of fees to the receiver and his counsel was soon to be expected. The relator corporation, for whom the receiver had been appointed, by its attorney attempted to forestall any action thereon by the special judge by filing, in his absence and without his knowledge, change of venue affidavit designed to remove the entire receivership from his jurisdiction because of bias and prejudice against relator. The clerk of the circuit court at relator's request made a record of the filing of the affidavit and certified the matter to the clerk of this court for list of names from which to choose a successor. The list was furnished and its filing was made the subject of another entry by the clerk of the circuit court. When the matter finally came to the attention of the special judge he caused all of the clerk's proceedings to be expunged from the record and, noticing the affidavit, denied the change of venue.

The next day in the absence of relator's attorney and without his knowledge, the special judge permitted petitions for fees to be filed by the receiver and his attorneys and made ex parte allowance of attorney fees in excess of the sum of $12,000, of which $5,000 was ordered paid to Hume L. Sammons, father and law partner of the said George F. Sammons. The relator

asks relief by writ of prohibition and mandate. The answer of respondents does not deny these facts but justifies only on the ground that if the fees are deemed excessive relator's remedy was by appeal and not prohibition or mandate.

All our change of venue statutes recognize that interest in the subject-matter is ground for the disqualification of a judge. These statutes do not declare a new public policy. As old as the law is the fundamental concept that no man should be permitted to judge his own cause. The statutes merely particularize as to the kinds of interest that will disqualify.

Here there is no need for particularization or definition. No lawyer worthy of the name would seek to excuse as free from interest the allowance by a special judge of substantial fees to his own father and law partner. It should not have become necessary for us to remind either of them of the impropriety of such action. Fees allowed attorneys associated with the father in the litigation are so intimately connected with the subject-matter as to be controlled by the same considerations.

All the attorneys involved were admitted to practice in this court and are its officers. They have within their own power a restoration of the status of this receivership as of the time when the change of venue was attempted. Whether or not relator was entitled to the change, there is imperative reason why the special judge, after such restoration, should take no further part in the receivership proceedings. Voluntary action by respondents and their associates may obviate the necessity of any order in this cause other than its dismissal. The cause will be continued

indefinitely to afford that opportunity. In the meanwhile we have commissioned the Honorable Thomas D. Stevenson of Indianapolis, the Honorable Eli F. Seebirt of South Bend and the Honorable W. H. Parr of Lebanon, members of this bar, to investigate the entire receivership proceedings for the purpose of ascertaining whether any further action is advisable because of the conduct of any members of the bar connected therewith. If our commissioners so conclude they will institute appropriate proceedings.

NOTE.—Reported in 38 N. E. (2d) 846.

### ORDER OF DISMISSAL.

PER CURIAM.—It has been made to appear by verified responses that subsequent to our opinion in this cause filed January 21, 1942, 38 N. E. (2d) 846, steps have been taken by respondents to restore the action below to its status as of the time when application for change of venue was made and that George F. Sammons has resigned as special judge, so that all parties are now in a position to have a new special judge appointed and full hearing before him. Our commissioners named in said opinion have completed their investigation and have filed with this court their written report in which they reach certain conclusions and submit recommendations from which it seems that no further disciplinary proceedings are contemplated by said commissioners. The report is available to the parties and requires no further action by this court.

Accordingly this cause is now dismissed at the costs of respondents.

NOTE.—Reported in 42 N. E. (2d) 626.