STATE ON RELATION OF COX *v.* SUPERIOR COURT OF
MARION COUNTY, ROOM 3, DAVIS, SPECIAL
JUDGE, ETC.

[No. 29,204.   Filed October 4, 1954.]

*Townsend & Townsend,* of Indianapolis, for relatrix.

*Robert D. Symmes,* of Indianapolis, for respondent.

GILKISON, J.—On July 14, 1954, relatrix filed her original action in this court asking that a temporary writ of prohibition issue commanding respondents to refrain from making further orders in cause No. B-41751, entitled *Karen O. Cox* v. *J. Vernon Cox,* in re-

spondent court, and that respondents show cause why the temporary writ should not be made permanent.

We issued the temporary writ.

Respondents filed their response herein on July 26, 1954.

The petition shows that relatrix obtained a decree of divorce and was awarded the custody of her child, in a divorce action against her husband on December 18, 1945. That her divorced husband filed a petition for modification of the custody order, on July 2, 1954. On July 13, 1954, relatrix filed her affidavit for change of judge in the proceedings which was sustained by the court and the court then peremptorily named Lewis Davis as special judge in the cause. That the court refused to name a panel of three judges as required by Rule 1-12 of the Indiana Supreme Court. That the special judge so selected has set the matter for hearing and that he will make determinations adverse to relatrix unless prohibited.

The response admits that respondent court refused to name a committee of three qualified judges or lawyers from which the parties might each strike one and that the judge named respondent, Lewis Davis, a practicing attorney, as special judge.

The response further contends that the method of the appointment of a special judge, at most is only an error—and therefore could be corrected only on appeal.

Other contentions are made relative to the several statutes concerning change of venue and change of judge. Except for the causes for change these have become extinct by reason of the adoption of Rule 1-12 of the Supreme Court. Acts 1937, Ch. 91, §1, p. 459, Sec. 2-4718, Burns' 1946 Repl. provides as follows:

"Pleading and practice—Supreme Court authorized to adopt rules.—All statutes relating to practice and procedure in any of the courts of this state shall have, and remain in, force and effect only as herein provided. The Supreme Court shall have the power to adopt, amend and rescind rules of court which shall govern and control practice and procedure in all the courts of this state; such rules to be promulgated and to take effect under such rules as the Supreme Court shall adopt, and thereafter all laws in conflict therewith shall be of no further force or effect. The purpose of this act (§§2-4718, 2-4719) is to enable the Supreme Court to simplify and abbreviate the pleadings and proceedings; to expedite the decision of causes; to remedy such abuses and imperfections as may be found to exist in the practice; to abolish all unnecessary forms and technicalities in pleading and practice and to abolish fictions and unnecessary process and proceedings. (Acts 1937, ch. 91, §1, p. 459.)"

By this act the legislature abandoned such rights as it might have under Art. 7, Sec. 4 of the State Constitution to place "regulations and restrictions" upon the jurisdiction of the Supreme Court, particularly with respect to "rules of court which shall govern and control practice and procedure in all the courts of this State." By that Act the Supreme Court was given the power to adopt, amend and rescind rules of court governing and controlling practice and procedure in all the courts of the state. It is provided therein that such rules are to be "promulgated and to take effect under such rules as the Supreme Court shall adopt, and thereafter all laws in conflict therewith shall be of no further force or effect."

This statute has been in force and effect for some seventeen years. Clause 3 of Rule 1-12 of the Supreme Court was adopted and made effective September 1, 1948. The rule provides by its first sentence:

"Hereafter whenever in any proceeding, whether civil, statutory or criminal in any court except the courts of justice of the peace and magistrates, it shall become necessary to select a special judge, the exclusive manner of his selection shall be as follows:"

Then follows Sections 1, 2 and 3. The first paragraph of Section 3 is as follows:

"(3)  If neither method provided for by (1) or (2) for the selection of a special judge be adopted, then the presiding judge, or if there be no·such judge, the regular judge of the court shall submit a list of three persons from which, by striking, an appointee may be selected. In an adversary proceeding each party may strike one name and in an ex parte proceeding such party shall be entitled to strike one name from such list. The moving party shall strike first. From the name or names remaining, the judge submitting such list shall select and appoint the special judge. In cases where a judge, on his own motion, disqualifies himself, the plaintiff side shall strike first."

There can be no doubt that this Section of Rule 1-12 applies to the situation confronting the court when it (properly, we think) sustained the motion for change of judge. Rule 1-12 by paragraph 9 of Section 3 thereof expressly provides that:

"Nothing herein shall be construed as limiting or changing the right to a change from a judge as it now exists, but this rule shall apply only to the manner of selecting a special judge." Effective September 1, 1948.

The affidavit for change of judge contains an averment as follows:

"Affiant further says that she could not make this affidavit and application for change of judge at an earlier time for the reason that she had no knowledge of the said bias and prejudice of said judge against her until July 12, 1954, and she makes and files this affidavit at the first oppor-

tunity and on the first day of court after she learned said fact."

We think this shows proper diligence in filing the affidavit.

Our State Constitution provides that justice shall be administered freely, completely and speedily. Art. 1, Sec. 12. It has been wisely said that justice shall be administered without denial, delay or prejudice. 56 Am. Jur. — Venue — §57, pp. 59, 60. Assisting in the implementation of these rights we have our own change of venue and change of judge rules and laws. Their proper administration is essential to the American idea of justice.

Having granted the motion for change of judge the trial court must have the special judge selected agreeable with our Rule 1-12. He has not completed the change of judge operation until he makes the selection agreeable with that rule. In that matter he has no discretion to exercise. His duties are mandatory and imperative. The respondent, Lewis Davis, is without authority to serve as special judge in the case for the reason that he was not selected in the manner required by law.

The temporary writ of prohibition heretofore issued herein is hereby made permanent.

NOTE.—Reported in 121 N. E. 2d 881.