STATE OF INDIANA ON RELATION OF LEISURE ET AL. *v.* MADISON SUPERIOR COURT, SCHRENKER, JUDGE; SMITH, SPECIAL JUDGE.

[No. 29,441. Filed November 13, 1956.]

*Bagot, Free & Shearer, DeArmond, Booram & De-Armond* of Anderson, for relators.

*Henry P. Schrenker,* Judge, *pro se.*

ARTERBURN, J.—This is an original action asking for a writ of prohibition against the above named court in the matter of the administration of the estate of Mary Meyer, deceased, pending in that court. The relators filed in that court a petition asking that certain orders of the court be vacated and set aside. Before a ruling thereon, relators filed a second petition setting forth the

disqualifications of the regular judge to act in that matter, or any other matter concerning said estate. The regular judge overruled this petition, but thereafter disqualified himself, and without submitting the names of three qualified attorneys under Rule 1-12 of the Supreme Court, designated and appointed Charles E. Smith as special judge in the cause. The relators object to the manner of appointment of the special judge. The petition for the temporary and permanent writ of prohibition asked that the special judge and the regular judge be prohibited from exercising any jurisdiction in the estate. The temporary writ was accordingly issued.

Under *State ex rel. Parker* v. *Vosloh, Judge* (1944), 222 Ind. 518, 54 N. E. 2d 650, this court has held that a regular judge should disqualify himself in the administration of any estate in his court in which he has an interest, even though there is pending no adversary action or proceeding. The welfare and integrity of the judicial system requires that judges be disinterested even in *ex parte* proceedings. *State ex rel. Avalon Apartments Co.* v. *Sammons* (1942), 220 Ind. 319, 38 N. E. 2d 846, 42 N. E. 2d 626.

The record shows by a stipulation of the parties since the commencement of this action, that Charles E. Smith, an attorney, designated as special judge, has died. Although the regular judge, respondent herein, denied the petition to disqualify himself, nevertheless, he thereafter did disqualify himself, and attempted to designate such attorney in an *ex parte* manner to serve as special judge.

In so far as the method of selection of a special judge is concerned, there is no reason for a difference, and there is no difference between a situation where a motion for a change of judge is filed, and where a petition is filed showing the disqualification of the presiding

judge. A regular judge has no choice but to conform with Rule 1-12 of this court in the selection of a special judge when he is disqualified to serve as judge. This rule says, in part:

> "Hereafter whenever in any proceeding, whether civil, statutory or criminal, in any court except the courts of justice of the peace and magistrates, it shall become necessary to select a special judge, the *exclusive* manner of his selection shall be as follows: . . ." (our italics)

Thereafter is set forth in the rules the detailed provisions for the submission of the names from which a special judge is chosen. *State ex rel. Cox* v. *Sup. Ct. of Marion Co., et al.* (1954), 233 Ind. 531, 121 N. E. 2d 881.

The temporary writ heretofore issued is made permanent with the modification and exception that the regular judge, respondent herein, shall take such action as is necessary to comply with Rule 1-12 of this court in the selection and appointment of a special judge in the administration of the estate of Mary Meyer, deceased, Number 12185 of Probate Record of the respondent court.

Landis, C. J., and Emmert, Bobbitt and Achor, JJ., concur.

NOTE.—Reported in 138 N. E. 2d 142.