STATE EX REL. MARKS *v*. LAKE JUVENILE COURT ETC. ET AL.

[No. 29,876. Filed January 27, 1960.]

*Hilbert L. Bradley,* of Gary, for relator.

*Thaddeus M. Menzie* and *John Kappos,* both of Gary, for respondents.

BOBBITT, J.—Relator seeks a writ of prohibition and mandate from this court directing the respondent Joseph Meszar, the regular judge of the Lake Juvenile Court, to refrain from proceeding further or exercising jurisdiction in the matter of State of Indiana v. Doris Marks, being Cause No. 15647 in said court, and to refrain from preventing or attempting to prevent the special judge, Porter R. Draper, from exercising further jurisdiction in such case, and to mandate the special judge to reassume jurisdiction. We issued a temporary writ.

Respondent Porter R. Draper was duly appointed and qualified as special judge in such case pending in the

Lake Juvenile Court in which relator was charged by affidavit with contributing to the delinquency of a minor.

After hearing, at which the State appeared without objection to the special judge's qualification, relator was found not guilty.

After announcing the finding of not guilty, the special judge then stated in open court that he had not practiced law in the State of Indiana for five years. The following day the prosecuting attorney of Lake County filed with the regular judge of the Lake Juvenile Court a motion to expunge from the record all proceedings in such cause "beginning with the appointment" of respondent Draper as special judge, and requesting that a "new panel of attorneys with more than five years of practice before the bar be appointed so that a new Special Judge can qualify to hear said cause." This motion was sustained and the regular judge named a new panel from which to select a special judge. Relator's petition herein followed.

Respondent Joseph Meszar, as regular judge of the Lake Juvenile Court, asserts that special judge Draper was not qualified to act because he had not been a practicing attorney or judge for a period of at least five years, and relies upon Acts 1945, ch. 347, §1, p. 1647, being §9-3101, Burns' 1956 Replacement, to support his position.

Section 9-3101, *supra,* in pertinent part, provides:

"At the time of his election, he must have been a citizen of the United States and a practicing attorney or judge for a period of at least five [5] years."

Relator asserts that the appointment of a special judge is governed by Rule 1-12 of this court, the pertinent part of which is as follows:

"Any regular judge of a circuit, superior, criminal, probate or juvenile court and any member of the bar of the State of Indiana shall be eligible for appointment as a special judge in any case pending in any of such courts. . . ."

The Act under which the Lake Juvenile Court was established makes no provision for a change of venue or for the appointment of a special judge, nor does the Act provide that a special judge must have the same qualifications as one who is a candidate for election to the office for a full four-year term.

Special Judge Draper was not elected to the Lake Juvenile Court, and in our opinion the qualifications for election as set out in §9-3101, *supra,* do not apply to a special judge who may be selected to try a particular case pending in such court. His appointment and qualifications are governed by Rule 1-12, *supra.* See *State ex rel. Cox* v. *Sup. Ct. of Marion Co., et al.* (1954), 233 Ind. 531, 121 N. E. 2d 881; *State* v. *Jacobson* (1951), 229 Ind. 293, 98 N. E. 2d 187.

Since respondent Draper was a member of the Bar of the State of Indiana at the time of his appointment as special judge, he was eligible under the provisions of Rule 1-12, *supra,* and his appointment was valid. When he assumed jurisdiction in the case the regular judge of the Lake Juvenile Court was divested of further jurisdiction therein. *State ex rel. Krupa* v. *Peak* (1947), 225 Ind. 164, 73 N. E. 2d 482; *State ex rel. Wood* v. *Carlin, Judge* (1935), 208 Ind. 680, 197 N. E. 825.

The temporary writ heretofore issued is hereby made permanent and absolute.

Arterburn, C. J., Jackson and Landis, JJ., concur.

Achor, J., not participating because of illness.

NOTE.—Reported in 163 N. E. 2d 891.