STATE EX REL. HATT *v.* STUTEVILLE, JUDGE ETC.

[No. 30,018. Filed May 22, 1961. Rehearing denied June 29, 1961. Motion to reconsider denial of petition for rehearing denied September 19, 1961.]

*Kenneth Weyerbacher,* of Boonville, *Edwin Smith,* of Evansville, and *Sherwood Blue,* of Indianapolis, for relator.

*J. Leslie Stuteville, pro se.*

LANDIS, C. J.—Relator has filed original action in this Court for writ of mandate to compel respondent under Rule 1-12 of this Court cited below[1] to disqualify himself as Judge to hear plaintiff's petition for attorneys' fees in the divorce case of *Dorothy B. Hatt* v. *Herbert G. Hatt, et al.,* Cause No. 5644 in the Spencer Circuit Court. We issued the temporary writ.

From relator's petition it appears that plaintiff brought the divorce action of *Hatt* v. *Hatt et al., supra,* which is pending before respondent judge and that plaintiff requested attorneys' fees for plaintiff's attorneys to enable them to resist the granting of a writ of prohibition and mandate against respondent in an original action against respondent brought by the American Fletcher National Bank and Trust Company, one of the other defendants to the divorce suit. Relator here contends that respondent judge in passing upon plaintiff's petition for attorneys' fees in the divorce to enable said attorneys to resist an original action of mandamus and prohibition against respondent judge pending in this

---

1. Rule 1-12 of the Supreme Court provides in so far as applicable to this case as follows:

"Except in an election contest as above provided, and except in courts of justices of the peace and magistrates, whenever the regular judge or presiding judge of any court shall be a party to any proceeding, whether civil, statutory, or criminal, the venue of which shall be before him, such judge shall at once disqualify himself, and cause such fact to be certified to the Supreme Court, which shall thereupon appoint as special judge, the regular judge of a circuit or superior court of this state. In the event any special judge so appointed shall fail, neglect, or refuse within ten (10) days after his appointment to appear and qualify, or, after assuming jurisdiction, shall otherwise become disqualified or unable to continue jurisdiction, such failure, refusal, disqualification, or inability to continue jurisdiction shall be certified to the Supreme Court for the selection by it of another special judge, . . ."

Court growing out of the divorce case, is in effect a party to a proceeding over which he is presiding as judge and therefore incompetent under Rule 1-12.

We are unable to agree with relator that we have here before us a case calling for the application of Rule 1-12, as he has contended.

The portion of Rule 1-12 here under discussion does not involve the right to change of venue or change of judge generally but solely pertains to the duty of the judge to disqualify and certify such disqualification to this Court when he is a party to a cause, the venue of which is before him as judge. Pursuant to such rule, this Court thereupon appoints a special judge.

In the case before us the only proceeding against respondent judge which could disqualify respondent is the original action *in this Court* brought by the relator American Fletcher Bank. But this is not the cause over which respondent is presiding entitled *Hatt* v. *Hatt et al., supra.*

If relator herein desires a change of judge as to the general divorce action of *Hatt* v. *Hatt et al., supra,* or as to plaintiff's application for attorneys' fees therein he will have to proceed in the ordinary manner of obtaining a change of judge under our applicable statutes and rules of court, but cannot procure the disqualification of respondent judge under that portion of Rule 1-12 herein relied on, as respondent judge is not a party to the cause over which he is presiding. · ·       ·

It is further our view that there are numerous instances when a judge interested in a cause pending before him should disqualify, but we feel that where a party litigant has been provided with a method

under our statutes and rules of court whereby he may obtain the selection of another judge, he should comply therewith if he attempts to compel a judge to step down. This is important if we are to avoid useless delays in the trial of causes which often result if the right to select another judge is not made subject to provisions of the statutes and court rules intended to regulate such matters.[2]

The temporary writ heretofore issued is dissolved and the permanent writ denied.

Jackson, Achor, Arterburn and Bobbitt, JJ., concur.

NOTE.—Reported in 175 N. E. 2d 21.

---

2. It will be noted that in the case of *State ex rel. Parker* v. *Vosloh, Judge* (1944), 222 Ind. 518, 54 N. E. 2d 650, in which a writ of mandamus was granted to compel a judge to disqualify, the case was not an adversary proceeding and no right to change of judge appeared to exist.

Also, in the case of *State ex rel. Leisure et al.* v. *Mad. S. C. et al., etc.* (1956), 236 Ind. 18, 138 N. E. 2d 142, we did not attempt to consider that portion of Rule 1-12 pertaining to the disqualification of a judge in the event he is a party.